UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **BRANDON CALLIER,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | EP-23-cv-00375-KC |
| § | |
| **UNIFIED HEALTH, LLC**, a Delaware Limited § | |
| Liability Company § | |
| § | |
| **Defendants.** § | |
| § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### PARTIES

1. Plaintiff BRANDON CALLIER ("Plaintiff") is a natural person, resident of the Western District of Texas, and was present in Texas for all calls, in this case in El Paso County, Texas.

2. Defendant UNIFIED HEALTH, LLC ("Unified") is a limited liability company organized and existing under the laws of Delaware. Unified can be served via registered agent Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Counts I and II under 28 U.S.C § 1331, because the claims arise under the federal Telephone Consumer Protection Act, 47 U.S.C. § 227. *See Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 386-87 (2012) (holding that federal courts have federal question jurisdiction over private actions brought under the TCPA).

4. The Court has supplemental jurisdiction over Count III under 28 U.S.C § 1367.

1

Case 3:23-cv-00375-KC   Document 4   Filed 10/12/23   Page 2 of 11

5. This Court has specific personal jurisdiction over Defendant Unified because Defendant Unified purposefully availed itself to the State of Texas and to this District, and there is a sufficient relationship between Defendant Unified's purposeful contacts with Texas and the litigation:

    a. Defendant Unified targets Texas when marketing debt elimination services and regularly conducts business in this District, including telephone solicitation.

    b. Unified called Plaintiff's El Paso-area phone number (with area code 915) to generate leads for Unified's Medicare insurance services.

    c. Unified placed the calls to Plaintiff utilizing a Texas area code (210).

    d. These calls to Texas injured Plaintiff in Texas, creating a causal link among Defendant Unified, the forum, and the litigation that exceeds the non-causal affiliation that is sufficient to support personal specific jurisdiction. *See Ford Motor Co. v Mont. Eight Jud. Dist. Ct.*, 141 S. Ct. 1017 (2021

6. Venue is proper under 28 U.S.C. § 1391(b)(2).

## THE TELEPHONE CONSUMER PROTECTION ACT
## OF 1991, 47 U.S.C. § 227

7. In 1991, Congress enacted the TCPA to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*. Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

8. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic

2

telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

9. The TCPA makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed to or guaranteed by the United States, or is exempted by rule or order" of the Federal Communication Commission ("FCC"). 47 U.S.C. § 227(b)(1)(B).

10. The TCPA provides a private cause of action to persons who receive calls in violation of § 227(b). 47 U.S.C. § 227(b)(3).

11. Separately, the TCPA bans making telemarketing calls without a do-not-call policy available upon demand. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(d)(1).

12. The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c) or a regulation promulgated thereunder. 47 U.S.C. § 227(c)(5).

13. According to findings of the FCC, the agency vested by Congress with authority to issue regulations implementing the TCPA, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls and can be costly and inconvenient.

14. The FCC also recognizes that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

15. The FCC requires "prior express written consent" for all autodialed or prerecorded telemarketing robocalls to wireless numbers and residential lines. In particular:[A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that

the consumer: (1) received clear and conspicuous disclosure of the consequences of providing the requested consent, *i.e.*, that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. In addition, the written agreement must be obtained without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.

16. *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012) (footnote and internal quotation marks omitted). FCC regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

17. The FCC confirmed this principle in 2013, when it explained that "a seller … may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 FCC Rcd. 6574, 6574 ¶ 1 (2013).

18. Under the TCPA, a text message is a call. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 – 52 (9th Cir. 2009).

19. A corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *E.g.*, *Jackson Five Star Catering, Inc. v. Beason*, Case No. 10-10010, 2013 U.S. Dist. LEXIS 159985, at *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA where they had direct, personal participation in or personally authorized the conduct found to have violated the statute." (internal quotation marks omitted)); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415 – 16 (D.

Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

## FACTUAL ALLEGATIONS

24. Plaintiff personally successfully registered his phone number ending in 4604 on the National Do-Not-Call Registry ("DNC") in December 2007.

25. Plaintiff was registered on the National DNC at all times relevant to this Complaint.

26. Plaintiff received a series of phone calls from phone number 210-762-4020 soliciting Medicare insurance services.

27. The phone calls at issue in this Complaint are listed in Table A of this Complaint.

28. Plaintiff made Do-Not-Call ("DNC") requests during the third, fourth, and fifth phone calls because Plaintiff does not have Medicare and there is no reason for Defendant to contact Plaintiff.

29. Plaintiff answered five of the seven phone calls and was solicited for Medicare insurance services.

30. Each of the phone calls in this case displayed "SILVERSCRIPT" on Plaintiff's caller identification.

31. On September 27, 2023, Plaintiff had a coworker who has Medicare call Defendant Unified at phone number 210-762-4020. Defendant's coworker spoke with "Azelis" who inquired about Medicare insurance services for Defendant's coworker. Defendant's coworker asked Azelis for her website address and was told, "The website is UnifiedHealth.com."

32. UnifiedHealth.com belongs to Unified Health, LLC.

33. Table A below displays calls made to Plaintiff by Defendant Unified.

TABLE A

| Number: | Date: | Time: | Caller ID: | Notes: |
|---|---|---|---|---|
| 1. | 07/28/2023 | 12:53 PM | 210-762-4020 | Missed call |
| 2. | 08/11/2023 | 12:08 PM | 210-762-4020 | 3 second call. Call dropped |
| 3. | 08/25/2023 | 11:31 AM | 210-762-4020 | Told them I did not have Medicare and not to call back |
| 4. | 09/15/2023 | 2:36 PM | 210-762-4020 | Told them I did not have Medicare and not to call back. |
| 5. | 09/27/2023 | 9:59 AM | 210-762-4020 | Told them I did not have Medicare and not to call back. |
| 6. | 09/27/2023 | 9:59 AM | 210-762-4020 | Called right back. Hung up the phone. |
| 7. | 10/04/2023 | 6:00 PM | 210-762-4020 | Missed Call |

34. Defendants Unified participated in, facilitated, directed, authorized, knew of, or willfully ignored the unlawful telemarketer's calls while knowing facts that required a reasonable person to investigate further and approved and ratified the conduct of their employees, agents, and co-conspirators to engage in the false and misleading sales practices and unlawful solicitation calls.

35. Each and every call was placed without the maintenance of an internal do-not-call policy. Each and every call was placed without training their agents/employees on the use of an internal do-not-call policy.

36. Plaintiff has limited data storage capacity on his cellular telephone. Incoming telemarketing calls consumed part of this capacity.

37. No emergency necessitated the calls.

38. Through information and belief, Defendant Unified did not have a written do-not-call policy while it was sending Plaintiff unsolicited calls.

39. Through information and belief, Defendant Unified did not train their agents who engaged in telemarketing on the existence and use of any do-not-call list.

## VIOLATIONS OF THE TEXAS BUSINESS AND COMMERCE CODE § 302.101

40. Defendant initiated the phone calls alleged herein and is a "seller" under the Texas Business and Commerce Code because it makes telephone solicitation on its own behalf and called Plaintiff in this case.

41. Under TCBB 302.302 "a person makes a telephone solicitation if the person effects or attempts to effect a telephone solicitation."

42. The actions of Defendant violated the Texas Business and Commerce Code 302.101 by placing solicitation phone calls to a Texas resident without having a registration certificate and bond on file with the Texas Secretary of State.

43. Texas Business and Commerce Code § 302.101 provides a private right of action. A violation of Chapter 302 "is a false, misleading, or deceptive act or practice under Subchapter E, Chapter 17" and is enforceable as such: "A public or private right or remedy prescribed by Subchapter E, Chapter 17, may be used to enforce [Chapter 302." Tex. Bus. & Com. Code § 302.303.

44. The use or employment by any person of a false, misleading, or deceptive act or practice" causes "economic damages or damages for mental anguish." Tex. Bus. & Com. Code § 17.50.

45. Texas Business and Commerce Code §302.101 states that a person (1) "may not make a telephone solicitation" (a) "from a location in [Texas]" or (b) "to a purchaser located in [Texas]," (2) "unless the [person] holds a registration

certificate for the business location from which the telephone solicitation is made." Tex. Bus. & Com. Code § 302.101(a).

46. Under Texas Business and Commerce Code § 302.302(a) Plaintiff is entitled to seek damages of up to $5000 per violation of §302.101.

## INJURY, HARM, DAMAGES, AND ACTUAL DAMAGES
## AS A RESULT OF THE CALLS

47. Defendant's calls harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy.

48. Defendant's calls harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone.

49. Defendant's calls harmed Plaintiff by intruding upon Plaintiff's seclusion.

50. Plaintiff has been harmed, injured, and damaged by the calls including, but not limited to: reduced device storage space, reduced data plan usage, anger, frustration, invasion of privacy, and more frequent charging of my cell phone.

### Plaintiff's Cell Phone is a Residential Number

51. The calls were to Plaintiff's cellular phone which is Plaintiff's personal cell phone that he uses for personal, family, and household use. Plaintiff maintains no landline phones at his residence and has not done so for at least 17 years and primarily relies on cellular phones to communicate with friends and family. Plaintiff also uses his cell phone for navigation purposes, sending and receiving emails, timing food when cooking, and sending and receiving text messages. Plaintiff further has his cell phone registered in his personal name, pays the cell

phone from his personal accounts, and the phone is not primarily used for any business purpose,

## I.  FIRST CLAIM FOR RELIEF
**(Violation of the TCPA "Sales Call/DNC" Prohibition, 47 U.S.C. § 227(c) et seq.)**

52. Plaintiff realleges and incorporates by reference each and every allegation set forth in paragraphs 1-51.

53. Defendant called Plaintiff's private residential telephone number which was successfully registered on the National Do-Not-Call Registry more than thirty-one (31) days prior to the calls, in violation of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. § 64.1200(c)(2).

54. Plaintiff was statutorily damaged at least seven (7) times under 47 U.S.C. § 227(c)(3)(F) by Defendant by the telephone calls described above, in the amount of $500.00 per call.

55. Plaintiff was further statutorily damaged because Defendant willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under U.S.C. § 227(c)(5) for each and every willful or knowing violation.

56. As a result of Defendant's violations of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. § 64.1200(c)(2), Plaintiff seeks $500 in statutory damages, or $1,500.00 if trebled, for each and every violation, pursuant to 47 U.S.C. § 227(c)(3)(F).

57. Pursuant to 47 U.S.C. § 227(c)(5)(A), Plaintiff also seeks a permanent injunction prohibiting Defendant and their affiliates and agents from making non-emergency telemarketing robocalls to cellular telephone numbers without the prior express written consent of the called party.

## II. SECOND CLAIM FOR RELIEF

**Violations of Texas Business and Commerce Code 302.101**
**Failure to Obtain a Telephone Solicitation Registration Certificate**

58. Plaintiff realleges and incorporates by reference each and every allegation set forth in paragraphs 1-51.

59. Defendant and/or their affiliates or agents made at least seven (7) solicitation sales calls to Plaintiff without having a valid telephone solicitation as required under Tex. Bus. Com. Code 302.101.

60. As a result of Defendant and/or their affiliates or agents' violations of Tex. Bus. and Com. Code 302.101 Plaintiff may seek damages of up to $5,000 for each violation.  Tex. Bus. and Com. Code 302.302(a).

61. As a result of Defendant and/or their affiliates or agents' violations of Tex. Bus. and Com. Code 302.101 Plaintiff may seek all reasonable costs of prosecuting this action, including court costs, deposition costs, and witness fees.  Tex. Bus. and Com. Code 302.302(d).

### III.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff Brandon Callier prays for judgment against the defendants jointly and severally as follows:

A. Leave to amend this Complaint to name additional DOESs as they are identified and to conform to the evidence presented at trial;

B. A declaration that actions complained of herein by Defendants violate the TCPA and Texas state law;

C.    An injunction enjoining Defendant and their affiliates and agents from engaging in the unlawful conduct set forth herein;

D.    An award of $1500 per call in statutory damages arising from the TCPA intentional violations jointly and severally against the corporation for seven (7) calls.

E.    An award of $5,000 in statutory damages arising from violations of the Texas Business and Commerce code 302.101 intentional violations jointly and severally against the corporation for seven (7) calls.

F.    An award to Plaintiff of damages, as allowed by law under the TCPA;

G.    An award to Plaintiff of interest, costs, and attorneys' fees, as allowed by law and equity.

H.    Such further relief as the Court deems necessary, just, and proper.

Dated:  October 12, 2023,                                    Respectfully submitted,

*/s/ Brandon Callier*

Brandon Callier
Plaintiff, Pro Se
6336 Franklin Trail
El Paso, TX 79912
915-383-4604
Callier74@gmail.com

## I.    Demand for Jury Trial

Plaintiff hereby demands a trial by jury on all claims so triable.

Dated: October 12, 2023,
                                    */s/ Brandon Callier*

Brandon Callier
Plaintiff, Pro Se
6336 Franklin Trail
El Paso, TX 79912
915-383-4604
Callier74@gmail.com