# EXHIBIT A



FILED

AUG 29 2023

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**FAYETTEVILLE DIVISION**

*Western Division*

*5:23-CV-00470-D.*

| | |
|---|---|
| **BRANDON CALLIER,** | § |
| | § |
| **Plaintiff,** | § |
| | § |
| **v.** | § |
| | § |
| **FAMILY ADVANTAGE PLUS GROUP** | § |
| **LLC,** d/b/a **THE STOVER GROUP,** a Georgia | § |
| Limited Liability Company, and **DARIUS** | § |
| **STOVER,** a Georgia resident, | § |
| | § |
| **Defendants.** | § |
| | § |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**PARTIES**

1.      Plaintiff BRANDON CALLIER ("Plaintiff") is a natural person, a resident of the Western

District of North Carolina, and was present in North Carolina for all calls relevant to this case.

2.      Defendant FAMILY ADVANTAGE PLUS GROUP LLC, d/b/a THE STOVER GROUP

("Stover") is a Limited Liability Company organized and existing under the laws of Georgia and

can be served via registered agent and CEO Darius Stover at 5174 McGinnis Ferry Road Ste 142

Alpharetta, Georgia 30005, United States.

3.      Defendant DARIUS D. STOVER ("Darius") is a natural person, resident of Stover, CEO

of Stover, and can be served at 5174 McGinnis Ferry Road Ste 142 Alpharetta, Georgia 30005,

United States.

4.      Unnamed party Darrell Franklin ("Darrell") is a licensed insurance agent, resident of

Georgia, and employee of Stover.

1

5.      Unnamed party John Does 1-5 are telemarketers that operate overseas and make telemarketing phone calls for the overseas marketing company at the direction and control of Defendant Stover. John Does 1-5 are out of the reach and jurisdiction of the laws of the United States.

## JURISDICTION AND VENUE

6.      Jurisdiction. This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

7.      This Court has supplemental subject matter jurisdiction over Plaintiff's claim arising under North Carolina Law because that claim: arises from the same nucleus of operative fact, i.e., Defendants' telemarketing robocalls to Plaintiff; adds little complexity to the case; so it is unlikely to predominate over the TCPA claims.

8.      Personal Jurisdiction. This Court has specific personal jurisdiction over Defendants Stover and Darius because Defendants purposefully availed itself to North Carolina residents and to this District, and there is a sufficient relationship between Defendants' purposeful contacts with North Carolina and the litigation.

      a.   Defendants target North Carolina when marketing their goods and services and regularly conduct business in this District, including telephone solicitations.

      b.   Its agents called Plaintiff's North Carolina area phone number ending in 9210 to generate leads for Defendants.

      c.   Defendants purposefully made unauthorized calls to Plaintiff into North Carolina and this District.

      d.   The purposeful calls injured Plaintiff in North Carolina, creating a causal link

2

among Defendants, the forum, and the litigation that exceeds the non-causal

affiliation that is sufficient to support personal specific jurisdiction. *See Ford*

*Motor Co. v Mont. Eight Jud. Dist. Ct.*, 141 S. Ct. 1017 (2021).

9.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2) because a

substantial part of the events giving rise to the claims—the calls and sale of goods and services

directed at North Carolina residents, including the Plaintiff—occurred in this District and

because the Plaintiff resides in this District.  Residing in the Western District of North Carolina

when Plaintiff received every single unauthorized call from Defendants that is the subject matter

of this lawsuit.

10.     This Court has venue over Defendants because the unauthorized calls at issue were sent

by Defendant Stover overseas marketing company to Plaintiff, a North Carolina resident.

### THE TELEPHONE CONSUMER PROTECTION ACT

### OF 1991, 47 U.S.C. § 227

11.     In 1991, Congress enacted the TCPA to restrict the use of sophisticated telemarketing

equipment that could target millions of consumers *en masse*.  Congress found that these calls

were not only a nuisance and an invasion of privacy to consumers specifically but were also a

threat to interstate commerce generally. *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in

1991 U.S.C.C.A.N. 1968, 1969-71.

12.     The TCPA makes it unlawful "to make any call (other than a call made for emergency

purposes or made with the prior express consent of the called party) using an automatic

telephone dialing system ('ATDS") or an artificial or prerecorded voice … to any telephone

number assigned to a … cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

13.     The TCPA makes it unlawful "to initiate any telephone call to any residential telephone

3

line using an artificial or prerecorded voice to deliver a message without the prior express

consent of the called party, unless the call is initiated for emergency purposes, is made solely

pursuant to the collection of a debt owed to or guaranteed by the United States or is exempted by

rule or order" of the Federal Communication Commission ("FCC"). 47 U.S.C. § 227(b)(1)(B).

14.     The TCPA provides a private cause of action to persons who receive calls in violation of

§ 227(b). 47 U.S.C. § 227(b)(3).

15.     Separately, the TCPA bans telemarketing calls without a do-not-call policy available

upon demand. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(d)(1).[1]

16.     The TCPA provides a private cause of action to persons who receive calls in violation of

§ 227(c) or a regulation promulgated thereunder. 47 U.S.C. § 227(c)(5).

17.     According to findings of the FCC, the agency vested by Congress with authority to issue

regulations implementing the TCPA, automated or prerecorded telephone calls are a greater

nuisance and invasion of privacy than live solicitation calls and can be costly and inconvenient.

18.     The FCC also recognizes that "wireless customers are charged for incoming calls whether

they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing

the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

19.     The FCC requires "prior express written consent" for all autodialed or prerecorded

telemarketing robocalls to wireless numbers and residential lines. In particular:[A] consumer's

written consent to receive telemarketing robocalls must be signed and be sufficient to show that

the consumer: (1) received clear and conspicuous disclosure of the consequences of providing

the requested consent, *i.e.*, that the consumer will receive future calls that deliver prerecorded

---

[1] *See* Code of Federal Regulations, Title 47, Parts 40 to 60, at 425 (2017)
(codifying a June 26, 2003 FCC order).

4

messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. In addition, the written agreement must be obtained without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.

20.     *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012) (footnote and internal quotation marks omitted). FCC regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

21.     The FCC confirmed this principle in 2013, when it explained that "a seller ... may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 FCC Rcd. 6574, 6574 ¶ 1 (2013).

22.     Under the TCPA, a text message is a call. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 – 52 (9th Cir. 2009).

23.     A corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *E.g.*, *Jackson Five Star Catering, Inc. v. Beason*, Case No. 10-10010, 2013 U.S. Dist. LEXIS 159985, at *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA where they had direct, personal participation in or personally authorized the conduct found to have violated the statute." (internal quotation marks omitted)); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415 – 16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

## THE NORTH CAROLINA STATE TELEMARKETING REGULATIONS

### Article 4, Section 75-102

24.     North Carolina restricts telephone solicitations and provides a private right of action per

state law.

25.     Defendant violated 75-102(c)(1), 75-102(c)(2), 75-102(c)(3), 75-102(c)(4), and 75-

102(d) and 75-102(e), and 75-102(i).

26.     Per section 75-105, Plaintiff is entitled to $500 for the first violation, $1,000 for the

second violation, and $5,000 for the third and each subsequent violation. Plaintiff alleges

multiple violations of the North Carolina statute occurred in each call.

### FACTUAL ALLEGATIONS

27.     Plaintiff personally and successfully registered his phone number ending in 3782 to the

National Do-Not-Call Registry ("DNC").

28.     Defendants routinely violate the TCPA as part of their business model and knowingly

and willfully commit TCPA violations.

29.     Plaintiff received at least five (5) unauthorized prerecorded message calls to his personal

cell phone ending in 3782 from Defendant Stover's agent soliciting final expense life insurance

policies.

30.     Upon information and belief Defendant Stover's overseas telemarketers, called Plaintiff

more times over the last four (4) years that he is currently unaware of without the benefit of

Discovery.

31.     Upon information and belief Defendant Stover used other marketing agencies to contact

Plaintiff over the last four (4) years that Plaintiff is unaware of at this time without the benefit of

Discovery

6

32.     Plaintiff did not have an existing business relationship with Defendant and has never been a customer of Defendant.

33.     Plaintiff did not consent to any of the calls alleged herein.

34.     Call #1, DNC Request #1, on August 02, 2023, at 4:10 PM, Plaintiff received the first call to his personal cell phone ending in 3782 from Defendant Stover telemarketer with 910-226-6346 displayed on Plaintiff's caller identification.

35.     Plaintiff answered the phone and was greeted by artificial intelligence interactive robot message that solicited final expense life insurance policies. ("ai robot message").

36.     Plaintiff engaged the robot so that he could speak with a live agent. After Plaintiff was transferred to a live agent, he told them he wasn't interested and to remove him from the calling list, and then disconnected the line.

37.     Call #2, DNC Request #2, on August 04, 2023, at 9:31 AM, Plaintiff received a call to his personal cell phone ending in 3782 from Defendant Stover's telemarketer with 910-360-7360 displayed on Plaintiff's caller identification.

38.     Plaintiff answered the phone and was greeted by the ai robot message described in paragraph 34 "ai robot message." Plaintiff engaged the robot for the sole purpose of identifying the party(s) responsible for the annoying calls.

39.     Plaintiff was transferred to an agent and after Plaintiff provided his information, the telemarketer informed Plaintiff that he didn't qualify for the policy because of his age. Plaintiff said, "Okay, then take me off your list now."

40.     Calls #3-4, Plaintiff received at least two calls within a 24-hour period, when Plaintiff answered he was greeted with the ai robot message described in paragraph 34 "ai robot message." Each time Plaintiff hung the phone up without engaging the robot telemarketer.

7

41.     Call # 5, on August 09, 2023, at 6:24 PM, Plaintiff received a call to his personal cell phone ending in 3782 from Defendant Stover telemarketer with 910-725-2961 displayed on Plaintiff's caller identification.

42.     Plaintiff answered the phone and was greeted by the ai robot message described in paragraph 34 "ai robot message." Plaintiff engaged the robot for the sole purpose of identifying the party(s) responsible for the annoying calls.

43.     This time Plaintiff gave the phone to a friend, "Jaime," who is 59 years old so that he could verify who was calling.

44.     Plaintiff's friend spoke with a telemarketer named Steven who gathered information and stated a licensed coordinator would call him back in 48 hours.

45.     Call #6, on August 11, 2023, at 2:38 PM, Plaintiff received the first call to his personal cell phone ending in 3782 from Defendant Stover's agent Darrell with 832-617-6895 displayed on Plaintiff's caller identification. Darrell asked for Plaintiff's friend by name "Jaime" and stated this call came from Steven whom he spoke with two days ago.

46.     Jaime was nearby and so Plaintiff handed him the phone. Darrell informed Jaime that his company The Stover Group was "linked up" with the telemarketers, and that's how they get so many clients.

47.     He stated the owner, Darius trains the telemarketers himself, approves of the scripts they use, and pays them for each client sent to Stover's agents.

48.     Darius eventually sent Jaime documents, via email, confirming Stover's connection to the calls.

49.     Table A shows the calls sent to Plaintiff by Defendant Stover.

TABLE A:

8

| Number: | Date: | Time: | Caller ID: | Notes: |
|---------|-------|-------|------------|--------|
| 1. | 8/2/2023 | 4:10 PM | 910-226-6346 | prerecorded message call "ai robot message" DNC Request #1 |
| 2. | 8/4/2023 | 9:31 AM | 910-360-7360 | prerecorded message call "ai robot message" DNC Request #2 |
| 3. | 8/7/2023 | 4:02 PM | 910-360-7242 | prerecorded message call "ai robot message" – hung up |
| 4. | 8/9/2023 | 12:39 PM | 910-725-2553 | prerecorded message call "ai robot message" – hung up |
| 5. | 8/9/2023 | 6:24 PM | 910-725-2961 | prerecorded message call "ai robot message" – spoke with Steven |
| 6. | 8/11/2023 | 2:38 PM | 832-617-6895 | Direct call from Darrel – received documents |

50.     Each and every solicitation call from Defendant Stover's overseas telemarketers, including the direct call from agent Darrell was a knowing and willful violation of the TCPA as Plaintiff had delivered a DNC request to Defendant on August 02, 2023, and on August 04, 2023.

51.     Each and every phone call between August 04, 2023, and August 11, 2023, was a knowing and willful violation as Plaintiff had informed Defendants' agent, he was not interested and or to stop calling.

52.     Defendant placed multiple unauthorized prerecorded robocalls to Plaintiff within a twelve-month period to Plaintiff's residential phone line, listed on the National DNC, which violated 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c).

53.     On information and belief, Defendant Stover did not have a written do-not-call policy while their overseas telemarketers were sending Plaintiff the robocalls.

54.     No emergency necessitated any of the alleged calls.

55.     Plaintiff has limited data storage capacity on his cellular telephone. Incoming telemarketing calls consumed part of this capacity.

## VICARIOUS LIABILITY OF DEFENDANT STOVER FOR PHONE CALLS PLACED BY THE OVERSEAS TELEMARKETERS AND DARRELL

56.     Defendant Stover is "vicariously liable" under federal common law principles of agency for TCPA violations committed by third-party telemarketers," such as the overseas marketing company. *In re Joint Pet. filed by Dish Network, LLC*, 28 F.C.C.R. 6574, 6582 (2013).

57.     Stover pays for the calls that the telemarketers make.

58.     Stover writes the script which is used by the telemarketers and Darrell, and trains each and every employee overseas directly on the usage of the scripts.

59.     Stover controls whom the calls are sent to.

60.     Stover monitors and records each call.

61.     Stover controls the system which is used to make the calls.

62.     Stover pays directly for each client sent as a result of the illegal telemarketing calls made.

## PERSONAL LIABILITY OF DEFENDANT DARIUS

63.     Defendant Darius is personally liable for Stover and the overseas telemarketers' actions because he trained the telemarketers himself.

64.     Darius directed the illegal calls being made.

65.     Darius personally wrote the script which Stover provided to the telemarketers.

66.     Darius is in charge of which agent in his company speaks to each and every client that is sent from the overseas telemarketers as a result of the illegal calls.

67.     Darius not only approves of the illegal behavior but in fact encourages it.

10

68.     Defendants Stover and Darius operate as an indistinguishable common enterprise.

**INJURY, HARM, DAMAGES, AND ACTUAL DAMAGES AS A RESULT OF THE**

**CALLS**

69.     Defendants' calls harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

70.     Defendants' calls harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone.

71.     Defendants' calls harmed Plaintiff by intruding upon Plaintiff's seclusion.

72.     Plaintiff has been harmed, injured, and damaged by the calls including, but not limited to: reduced device storage, reduced data plan usage, anger, frustration, invasion of privacy, and more frequent charging of his cell phone.

**PLAINTIFF'S CELL PHONE IS A RESIDENTIAL NUMBER**

73.     The calls were to Plaintiff's personal cell phone ending in 3782 which he uses for personal, family, and household use. Plaintiff maintains no landline phones at his residence and has not done so for at least 16 years and primarily relies on cellular phones to communicate with friends and family. Plaintiff also uses his cell phone for navigation purposes, sending and receiving emails, timing food when cooking, and sending and receiving text messages. Plaintiff further has his cell phone registered in his personal name, pays for the cell phone from his personal accounts, and the phone is not primarily used for any business purpose.

**CAUSES OF ACTION:**

**COUNT ONE:**

**(Non-Emergency Robocalls to Cellular Telephones, 47 U.S.C. § 227(b)(1)(A)(iii))**

**(Against All Defendants)**

11

74.     Plaintiff re-alleges and re-adopts paragraphs 1 through 73 of the Complaint as if fully set forth herein.

75.     Defendants Stover and Darius and/or their affiliates or agents violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), at least five (5) times by placing non-emergency telemarketing automated prerecorded messaged calls to Plaintiff's cellular telephone number without prior express written consent.

76.     Plaintiff was statutorily damaged at least five (5) times under 47 U.S.C. § 227(b)(3)(B) by Defendant s Stover and Darius by the calls described above, in the amount of $500.00 per call.

77.     Plaintiff was further statutorily damaged because Defendants Stover and Darius willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount to $1,500.00 as permitted under U.S.C. § 227(b)(3)(C) for each and every willful and/or knowing violation.

78.     Plaintiff is also entitled to and does seek an injunction prohibiting Defendants Stover and Darius and their employees, affiliates, and agents from violating the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), by placing non-emergency telemarketing automated prerecorded messaged calls to any cellular telephone number without prior express written consent.

## COUNT TWO:

### (Violation of the TCPA "Sales Call/DNC" Prohibition, 47 U.S.C. 227(c), and 47 C.F.R. § 64.1200(C))

### (Against All Defendants)

79.     Plaintiff incorporates the preceding paragraphs 1-73 as if fully set forth herein.

80.     The foregoing acts and omissions of Defendants Stover and Darius and/or their affiliates

or agents constitute a violation of FCC regulations by making multiple telemarketing solicitations to a consumer on the National Do-Not-Call Registry within a 12-month period in violation of 47 C.F.R. § 64.1200(c)(2).

81.    Defendants Stover and Darius and/or their agents, called Plaintiff's private residential telephone which was successfully registered on the National Do-Not-Call Registry more than thirty-one (31) days prior to the alleged calls, in violation of 47 U.S.C § 227(c)(3)(F), and 47 C.F.R. § 64.1200(c)(2).

82.    Plaintiff was statutorily damaged at least six (6) times under 47 U.S.C. § 227(c)(3)(F) by Defendants Stover and Darius calls described above, in the amount of $500 per call.

83.    Plaintiff is entitled to an award of at least $500 in damages for each such violation of  47 U.S.C. § 227(c)(5)(B) and 47 C.F.R. § 64.1200(c)(2).

84.    Plaintiff is entitled to an award up to $1,500 in damages for each knowing or willful violation of 47 U.S.C. § 227(c)(3)(F) and 47 C.F.R. § 64.1200(c)(2).

## COUNT THREE:

### Violations of the North Carolina Telemarketing Regulations Chapter 74, article 4 et seq

### (Against All Defendants)

85.    Plaintiff realleges and incorporates paragraphs 1-73 as it fully set forth herein.

86.    The foregoing acts omission of Defendants Stover and Darius and their affiliates of agents constate multiple violations of Chapters 75-102(c)(1), 75-102(c)(2), 75-102(c)(3), 75-102(c)(4), and 75-102(d) and 75-102(e), and 75-102(i).

87.    Plaintiff is entitled to $500 for the first violation, $1,000 for the second violation, and $5,000 for the third and each subsequent violations, along with attorney's fee and costs. Plaintiff is alleging multiple violations of the statue in each call.

13

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Brandon Callier prays for judgment against the Defendants Stover and Darius jointly and severally as follows:

A. Leave to amend this Complaint to name additional DOESs as they are identified and to conform to the evidence presented at trial;

B. An injunction enjoining Defendants Stover and Darius and their affiliates and agents from engaging in the unlawful conduct set forth herein;

C. An award of $1,500 per call in statutory damages arising from the TCPA §227 (b); for 5 calls.

D. An award of $1,500 per call in statutory damages arising from the TCPA §227 (c); for 6 calls.

E. An award of $1,500 per call in statutory damages arising from TCPA 47 C.F.R. § 64.1200(c); for 5 calls.

F. An award of not less than $15,000 in statutory damages arising from violations of the North Carolina telemarketing laws per call;

G. An award to Mr. Callier of damages, as allowed by law under the TCPA;

H. An award to Mr. Callier of interest, costs, and attorneys' fees, as allowed by law and equity;

I. Such further relief as the Court deems necessary, just, and proper;

August 25, 2023,

Respectfully submitted,

Brandon Callier
Plaintiff, Pro Se
4406 Rose Meadow Dr,
Hope Mills, NC 28348
910-725-3782
Brandoncallier89@gmail.com

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all claims so triable.

Aug. 25, 2023,                                      Respectfully submitted,

Brandon Callier
Plaintiff, Pro Se
4406 Rose Meadow Dr,
Hope Mills, NC 28348
910-725-3782
Brandoncallier89@gmail.com

JS 44   (Rev. 04/21)

# CIVIL COVER SHEET

5:23-cv-00470-D *(handwritten)*

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

BRANDON CALLIER

**(b)** County of Residence of First Listed Plaintiff   CUMBERLAND
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

PRO SE

## DEFENDANTS

FAMILY ADVANTAGE PLUS GROUP LLC, and DARIUS STOVER

County of Residence of First Listed Defendant   GWINNETT
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1   U.S. Government Plaintiff
- [ ] 2   U.S. Government Defendant
- [x] 3   Federal Question *(U.S. Government Not a Party)*
- [ ] 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

### REAL PROPERTY
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

### CIVIL RIGHTS
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

### PRISONER PETITIONS
**Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

### LABOR
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

### IMMIGRATION
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

### BANKRUPTCY
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

### INTELLECTUAL PROPERTY RIGHTS
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

### SOCIAL SECURITY
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

### FEDERAL TAX SUITS
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [x] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
47 U.S.C. § 227

Brief description of cause:
TCPA VIOLATIONS

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
114,000

CHECK YES only if demanded in complaint:
JURY DEMAND:   [x] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions:)*

JUDGE

DOCKET NUMBER

DATE
8/24/2023

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of North Carolina

| | |
|---|---|
| BRANDON CALLIER<br><br>_____<br>*Plaintiff(s)*<br>v.<br>FAMILY ADVANTAGE PLUS GROUP LLC, and<br>DARIUS STOVER<br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. 5:23-CV-00470-D

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Family Advantage Plus Group LLC
c/o registered agent Darius stover
800Venue Way, Unit 8306
Alpharetta, GA 30005

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Brandon Callier
Plaintiff, Pro Se
4406 Rose Meadow Dr
Hope Mills, NC 28348
brandoncallier89@gmail.com
910-725-3782

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:      08/24/2023        _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of North Carolina

| | |
|---|---|
| BRANDON CALLIER | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| | ) |
| FAMILY ADVANTAGE PLUS GROUP LLC, and | ) |
| DARIUS STOVER | ) |
| | ) |
| _____ | ) |
| *Defendant(s)* | ) |

Civil Action No. 5:23- CV-00470-D

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Family Advantage Plus Group LLC
c/o registered agent Darius stover
800Venue Way, Unit 8306
Alpharetta, GA 30005

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Brandon Callier
Plaintiff, Pro Se
4406 Rose Meadow Dr
Hope Mills, NC 28348
brandoncallier89@gmail.com
910-725-3782

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:    08/24/2023    _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

Western District of North Carolina

|   |   |   |
|---|---|---|
| BRANDON CALLIER | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. 5: 23 - CV - 00470 - D |
| | ) | |
| FAMILY ADVANTAGE PLUS GROUP LLC, and | ) | |
| DARIUS STOVER | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Darius stover
800Venue Way, Unit 8306
Alpharetta, GA 30005

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Brandon Callier
Plaintiff, Pro Se
4406 Rose Meadow Dr
Hope Mills, NC 28348
brandoncallier89@gmail.com
910-725-3782

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:  _____08/24/2023_____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of North Carolina

| | |
|---|---|
| BRANDON CALLIER | ) |
| | ) |
| | ) |
| | ) |
| _Plaintiff(s)_ | ) |
| v. | ) Civil Action No. 5:23-CV-00470-D |
| FAMILY ADVANTAGE PLUS GROUP LLC, and DARIUS STOVER | ) |
| | ) |
| | ) |
| _Defendant(s)_ | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Darius stover
800Venue Way, Unit 8306
Alpharetta, GA 30005

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Brandon Callier
Plaintiff, Pro Se
4406 Rose Meadow Dr
Hope Mills, NC 28348
brandoncallier89@gmail.com
910-725-3782

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____08/24/2023_____

_____
*Signature of Clerk or Deputy Clerk*



Brandon Callier
4406 Rose Meadow Dr
Hope Mills, NC 28348

CERTIFIED MAIL

7020 1290 0001 2516 9454

Retail

U.S. POSTAGE PAID
FCM LG ENV
EL PASO, TX 79925
AUG 24, 2023

$10.69

RDC 99          27811          R2303S103101-10

RECEIVED
AUG 29 2023
PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC

Peter A. Moore, Jr.
Clerk of Court
PO BOX 25670
Raleigh, NC 27611

