# EXHIBIT B

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| _____ | § | |
| **BRANDON CALLIER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **EP-23-cv-00302-KC** |
| | § | |
| **POWUR, PBC INC dba POWUR,** a Delaware | § | |
| Corporation | § | |
| | § | |
| **Defendant.** | § | |
| _____ | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

## PARTIES

1.      Plaintiff BRANDON CALLIER ("Plaintiff") is a natural person, a resident of the Western District of Texas, and was present in Texas for all automated text messages, in this case in El Paso County, Texas.

2.      Defendant POWUR, PBC INC dba POWER ("Power") is a corporation organized and existing under the laws of Delaware and can be served via registered agent INCORP Services Inc, 815 Brazos Street, STE 500, Austin, Texas 78701.

3.      Non-named Defendant AK TELEMARKETING ("Offshore Telemarketer") is an offshore telemarketing company based out of Bahria Town Islamabad, Pakistan operating from the website https://aktelemarketing.pk.com, with ashikiani22@gmail.com as the contact email address.  Offshore Telemarketer placed the calls at issue on behalf of Defendant Powur.

## JURISDICTION AND VENUE

4.      Jurisdiction. This Court has federal-question subject matter jurisdiction over Plaintiff's

1

TCPA claims pursuant to 28 U.S.C. ¶ 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

5.     This Court has general personal jurisdiction over Defendant because Defendant maintains physical offices in Texas including in this very District.

6.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2) because a substantial part of the events giving rise to the claims—the calls and sale of goods and services directed at Texas residents, including the Plaintiff—occurred in this District and because the Plaintiff resides in this District.  Residing in the Western District of Texas when Plaintiff received every single unauthorized call from Defendants is the subject matter of this lawsuit.

## THE TELEPHONE CONSUMER PROTECTION ACT
## OF 1991, 47 U.S.C. § 227

7.     In 1991, Congress enacted the TCPA to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*.  Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally.  *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

8.     The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system ('ATDS") or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

9.     The TCPA makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely

pursuant to the collection of a debt owed to or guaranteed by the United States or is exempted by

rule or order" of the Federal Communication Commission ("FCC"). 47 U.S.C. § 227(b)(1)(B).

10.     The TCPA provides a private cause of action to persons who receive calls in violation of

§ 227(b). 47 U.S.C. § 227(b)(3).

11.     Separately, the TCPA bans telemarketing calls without a do-not-call policy available

upon demand. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(d)(1).[1]

12.     The TCPA provides a private cause of action to persons who receive calls in violation of

§ 227(c) or a regulation promulgated thereunder. 47 U.S.C. § 227(c)(5).

13.     According to findings of the FCC, the agency vested by Congress with authority to issue

regulations implementing the TCPA, automated or prerecorded telephone calls are a greater

nuisance and invasion of privacy than live solicitation calls and can be costly and inconvenient.

14.     The FCC also recognizes that "wireless customers are charged for incoming calls whether

they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing

the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

15.     The FCC requires "prior express written consent" for all autodialed or prerecorded

telemarketing robocalls to wireless numbers and residential lines.  In particular:[A] consumer's

written consent to receive telemarketing robocalls must be signed and be sufficient to show that

the consumer:  (1) received clear and conspicuous disclosure of the consequences of providing

the requested consent, *i.e.*, that the consumer will receive future calls that deliver prerecorded

messages by or on behalf of a specific seller; and (2) having received this information, agrees

unambiguously to receive such calls at a telephone number the consumer designates. In addition,

the written agreement must be obtained without requiring, directly or indirectly, that the

---

[1] *See* Code of Federal Regulations, Title 47, Parts 40 to 60, at 425 (2017) (codifying a June 26, 2003 FCC order).

3

agreement be executed as a condition of purchasing any good or service.

16.     *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012) (footnote and internal quotation marks omitted). FCC regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

17.     The FCC confirmed this principle in 2013, when it explained that "a seller … may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 FCC Rcd. 6574, 6574 ¶ 1 (2013).

18.     Under the TCPA, a text message is a call. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 – 52 (9th Cir. 2009).

19.     A corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *E.g.*, *Jackson Five Star Catering, Inc. v. Beason*, Case No. 10-10010, 2013 U.S. Dist. LEXIS 159985, at *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA where they had direct, personal participation in or personally authorized the conduct found to have violated the statute." (internal quotation marks omitted)); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415 – 16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

## FACTUAL ALLEGATIONS

20.     Plaintiff personally and successfully registered his phone number ending in 4604 to the National Do-Not-Call Registry ("DNC") in December 2007.

4

21.    Defendant Powur offers solar panel services.

22.    Plaintiff received at least twenty-five (25) unauthorized calls to his personal cell phone ending in 4604 from Defendant Powur from May 2, 2023, to May 23, 2023, soliciting solar panel installation.

23.    Plaintiff received a series of telemarketing phone calls from an offshore telemarketer who identified himself as "Jordan."

24.    Plaintiff has outlined each of the phone calls in Table A.

25.    The calls at issue were placed by Offshore Telemarketer located in Pakistan.  Offshore Telemarketer is outside the reach of the laws of the United States.

26.    Defendant Power, through its authorized representative Jerell Mixon ("Mixon"), hired Offshore Telemarketer to place phone calls to generate leads and set solar consultation appointments on their behalf.

27.    Mixon has a website https://power.com/solarjerell.

28.    Defendant Power, through its authorized representative Luis Perez ("Perez"), hired Offshore Telemarketer to place phone calls to generate leads and set solar consultation appointments on their behalf.

29.    Perez has a website https://power.com/luis.perez5.

30.    Calls 1- 24.  From May 2, 2023, to May 23, 2023, Plaintiff received a series of phone calls soliciting solar panels.  Each of these phone calls came from phone number 862-362-5001.  The phone calls originated offshore from Pakistan.

31.    On May 23, 2023, at 10:47 AM, Plaintiff received a phone call from phone number 862-362-5001 soliciting solar panels.  Plaintiff set an appointment with the offshore telemarketer in order to determine who had hired the offshore telemarketer.

5

32.     On May 23, 2023, at 10:57 AM Plaintiff received a phone from phone number 480-431-7017.  Plaintiff answered the phone and Jerell Mixon was on the other end.  Mixon confirmed the appointment that was set by the offshore telemarketer that called from phone number 862-362-5001.

33.     On May 24, 2023, Plaintiff had a Zoom meeting with Mixon.  During the meeting, Mixon asked Plaintiff whether the offshore telemarketer was courteous in setting the appointment.

34.     On May 28, 2023, Plaintiff sent an email to Powur alerting them of the unwanted phone calls and requesting that the calls stop.  Plaintiff has read receipt tracking on his email and was able to see that Powur read the email approximately 32 times.

35.     Powur continued to call Plaintiff despite reading the DNC email 32 times.

36.     Plaintiff received approximately 28 phone calls soliciting solar panels from Powur after Powur received Plaintiff's DNC request.  Each of these 28 phone calls was a knowing and willful violation.

37.     On August 4, 2023, Plaintiff received yet another phone call from phone number 862-362-5001.  Plaintiff answered the phone and the Pakistani telemarketer solicited Plaintiff for solar panels.  Plaintiff feigned interest in order to determine if it was Powur yet again soliciting Plaintiff.

38.     The Pakistani telemarketer in paragraph 37 live transferred Plaintiff to Powur representative Luis Perez.  Perez confirmed a Zoom appointment with Plaintiff.

39.     On August 7, 2023, Plaintiff had a Zoom appointment with Plaintiff.  After the Zoom appointment, Perez emailed Plaintiff a copy of the solar proposal from Powur.  The email began, "Hi Brandon, great talking to you today!"

40.     Each and every call at issue in this Complaint is a solicitation call marketing solar panel

installation.

41.     Table A shows the calls sent to Plaintiff by Defendant Powur.

TABLE A:

| **Number** | **Date** | **Time** | **Caller ID** | **Notes** |
|---|---|---|---|---|
| **1.** | 05/02/2023 | 11:26 AM | 862-362-5001 | Pakistani telemarketer |
| **2.** | 05/02/2023 | 11:27 AM | 862-362-5001 | Pakistani telemarketer |
| **3.** | 05/02/2023 | 12:51 PM | 862-362-5001 | Pakistani telemarketer |
| **4.** | 05/02/2023 | 10:06 PM | 862-362-5001 | Pakistani telemarketer |
| **5.** | 05/05/2023 | 2:24 PM | 862-362-5001 | Pakistani telemarketer |
| **6.** | 05/05/2023 | 2:24 PM | 862-362-5001 | Pakistani telemarketer |
| **7.** | 05/05/2023 | 2:24 PM | 862-362-5001 | Pakistani telemarketer |
| **8.** | 05/05/2023 | 2:24 PM | 862-362-5001 | Pakistani telemarketer |
| **9.** | 05/05/2023 | 2:24 PM | 862-362-5001 | Pakistani telemarketer |
| **10.** | 05/05/2023 | 2:25 AM | 862-362-5001 | Pakistani telemarketer |
| **11.** | 05/05/2023 | 4:17 PM | 862-362-5001 | Pakistani telemarketer |
| **12.** | 05/05/2023 | 4:18 PM | 862-362-5001 | Pakistani telemarketer |
| **13.** | 05/08/2023 | 11:16 AM | 862-362-5001 | Pakistani telemarketer |
| **14.** | 05/08/2023 | 11:16 AM | 862-362-5001 | Pakistani telemarketer |
| **15.** | 05/08/2023 | 12:15 PM | 862-362-5001 | Pakistani telemarketer |

| 16. | 05/08/2023 | 12:16 PM | 862-362-5001 | Pakistani telemarketer |
|---|---|---|---|---|
| 17. | 05/08/2023 | 12:20 PM | 862-362-5001 | Pakistani telemarketer |
| 18. | 05/08/2023 | 12:57 PM | 862-362-5001 | Pakistani telemarketer |
| 19. | 05/18/2023 | 12:05 PM | 862-362-5001 | Pakistani telemarketer |
| 20. | 05/18/2023 | 12:05 PM | 862-362-5001 | Pakistani telemarketer |
| 21. | 05/18/2023 | 12:59 PM | 862-362-5001 | Pakistani telemarketer |
| 22. | 05/19/2023 | 4:41 PM | 862-362-5001 | Pakistani telemarketer |
| 23. | 05/19/2023 | 4:41 PM | 862-362-5001 | Pakistani telemarketer |
| 24. | 05/23/2023 | 10:47 AM | 862-362-5001 | Pakistani telemarketer |
| 25. | 05/23/2023 | 10:57 AM | 480-431-7017 | Call from Jerell Mixon to confirm appointment set by Pakistani telemarketer |
|  | 05/28/2023 |  |  | SENT DNC EMAIL AND DEMAND READ 32 TIMES |
| 26. | 06/07/2023 | 10:20 AM | 862-362-5001 | Pakistani telemarketer |
| 27. | 06/07/2023 | 10:21 AM | 862-362-5001 | Pakistani telemarketer |
| 28. | 06/12/2023 | 1:58 AM | 862-362-5001 | Pakistani telemarketer |
| 29. | 06/12/2023 | 2:01 PM | 862-362-5001 | Pakistani telemarketer |
| 30. | 06/21/2023 | 2:28 PM | 862-362-5001 | Pakistani telemarketer |
| 31. | 06/22/2023 | 10:41 AM | 862-362-5001 | Pakistani telemarketer |

| 32. | 06/22/2023 | 10:41 AM | 862-362-5001 | Pakistani telemarketer |
|---|---|---|---|---|
| 33. | 06/22/2023 | 10:42 AM | 862-362-5001 | Pakistani telemarketer |
| 34. | 06/22/2023 | 10:43 AM | 862-362-5001 | Pakistani telemarketer |
| 35. | 06/22/2023 | 12:54 PM | 862-362-5001 | Pakistani telemarketer |
| 36. | 06/23/2023 | 10:33 AM | 862-362-5001 | Pakistani telemarketer |
| 37. | 06/25/2023 | 11:10 AM | 862-362-5001 | Pakistani telemarketer |
| 38. | 06/26/2023 | 10:41 AM | 862-362-5001 | Pakistani telemarketer |
| 39. | 06/26/2023 | 10:41 AM | 862-362-5001 | Pakistani telemarketer |
| 40. | 06/26/2023 | 4:38 PM | 862-362-5001 | Pakistani telemarketer |
| 41. | 07/05/2023 | 3:23 PM | 862-362-5001 | Pakistani telemarketer |
| 42. | 07/06/2023 | 12:35 PM | 862-362-5001 | Pakistani telemarketer |
| 43. | 07/07/2023 | 9:46 AM | 862-362-5001 | Pakistani telemarketer |
| 44. | 07/07/2023 | 9:48 AM | 862-362-5001 | Pakistani telemarketer |
| 45. | 07/07/2023 | 10:05 AM | 862-362-5001 | Pakistani telemarketer |
| 46. | 07/07/2023 | 1:49 PM | 862-362-5001 | Pakistani telemarketer |
| 47. | 07/07/2023 | 1:49 PM | 862-362-5001 | Pakistani telemarketer |
| 48. | 07/10/2023 | 4:48 PM | 862-362-5001 | Pakistani telemarketer |
| 49. | 07/18/2023 | 1:04 PM | 862-362-5001 | Pakistani telemarketer |
| 50. | 07/22/2023 | 10:42 AM | 862-362-5001 | Pakistani telemarketer |

| **51.** | 07/25/2023 | 10:17 AM | 862-362-5001 | Pakistani telemarketer |
|---|---|---|---|---|
| **52.** | 07/31/2023 | 1:36 PM | 862-362-5001 | Pakistani telemarketer |
| **53.** | 08/01/2023 | 11:54 AM | 862-362-5001 | Pakistani telemarketer |
| **54.** | 08/01/2023 | 11:55 AM | 862-362-5001 | Pakistani telemarketer |
| **55.** | 08/01/2023 | 3:28 PM | 862-362-5001 | Pakistani telemarketer |
| **56.** | 08/01/2023 | 3:34 PM | 862-362-5001 | Pakistani telemarketer |
| **57.** | 08/01/2023 | 4:14 PM | 862-362-5001 | Pakistani telemarketer |
| **58.** | 08/01/2023 | 4:26 PM | 862-362-5001 | Pakistani telemarketer |
| **59.** | 08/02/2023 | 12:49 PM | 862-362-5001 | Pakistani telemarketer |
| **60.** | 08/03/2023 | 4:54 PM | 862-362-5001 | Pakistani telemarketer |
| **61.** | 08/04/2023 | 11:33 AM | 862-362-5001 | Pakistani telemarketer |
| **62.** | 08/04/2023 | 11:34 AM | 862-362-5001 | Pakistani telemarketer |
| **63.** | 08/04/2023 | 11:35 AM | 862-362-5001 | Transferred to Luis who confirmed an appointment for Aug 7, 2023 |

42.     Plaintiff did not have a preexisting relationship with Defendants, had never been a customer of Defendants nor had ever applied for solar panels or any other accounts with Defendants.

43.     Defendants placed multiple unauthorized phone calls to Plaintiff within a twelve-month period to Plaintiff's residential phone line, listed on the National DNC registry since 2007, which violated 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c).

44.    No emergency necessitated any of the alleged calls.

45.    Plaintiff has limited data storage capacity on his cellular telephone. Incoming telemarketing calls consumed part of this capacity.

## VICARIOUS LIABILITY OF DEFENDANT

46.    Defendant Powur through their authorized representatives Mixon and Perez, hired offshore telemarketers from Pakistan to make solicitation phone calls on their behalf.

47.    Mixon and Perez, agents of Powur were given actual authority to enter into telemarketing agreements on behalf of Powur.

48.    Mixon and Perez each have web addresses issued by Powur and represent themselves as apparent and actual Powur employees.

49.    Mixon and Perez authorized the offshore telemarketer to make the phone calls at issue here.

50.    Powur was aware of the phone calls being made by the offshore telemarketer and continued to accept referrals from the Pakistani telemarketer with full knowledge the calls violated the TCPA.

51.    Failure to hold Powur vicariously liable for the authorized actions of offshore telemarketers would render the TCPA unenforceable and encourage all companies to offshore their telemarketing operations.

## INJURY, HARM, DAMAGES, AND ACTUAL DAMAGES AS A RESULT OF THE CALLS

52.    Defendant's calls harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

53.    Defendant's calls harmed Plaintiff by trespassing upon and interfering with Plaintiff's

rights and interests in Plaintiff's cellular telephone.

54.     Defendant's calls harmed Plaintiff by intruding upon Plaintiff's seclusion.

55.     Plaintiff has been harmed, injured, and damaged by the calls including, but not limited to:
reduced device storage, reduced data plan usage, anger, frustration, invasion of privacy, and
more frequent charging of his cell phone.

<strong>PLAINTIFF'S CELL PHONE IS A RESIDENTIAL NUMBER</strong>

56.     The calls were to Plaintiff's personal cell phone ending in 4604 which he uses for
personal, family, and household use. Plaintiff maintains no landline phones at his residence and
has not done so for at least 16 years and primarily relies on cellular phones to communicate with
friends and family. Plaintiff also uses his cell phone for navigation purposes, sending and
receiving emails, timing food when cooking, and sending and receiving text messages. Plaintiff
further has his cell phone registered in his personal name, pays for the cell phone from his
personal accounts, and the phone is not primarily used for any business purpose.

<strong><u>COUNT ONE:</u></strong>

<strong>(Violation of the TCPA "Sales Call/DNC" Prohibition, 47 U.S.C. 227(c), and 47 C.F.R. §
64.1200(C))</strong>

57.     Plaintiff incorporates the preceding paragraphs 1-56 as if fully set forth herein.

58.     The foregoing acts and omissions of Defendant Powur and/or their affiliates or agents
constitute a violation of FCC regulations by making multiple telemarketing solicitations to a
consumer on the National Do-Not-Call Registry within a 12-month period in violation of 47
C.F.R. § 64.1200(c)(2).

59.     Defendant Powur and/or their agents, called Plaintiff's private residential telephone
which was successfully registered on the National Do-Not-Call Registry more than thirty-one
(31) days prior to the alleged calls, in violation of 47 U.S.C § 227(c)(3)(F), and 47 C.F.R. §

12

64.1200(c)(2).

60. Plaintiff was statutorily damaged at least sixty-three (63) times under 47 U.S.C. §

227(c)(3)(F) by Defendant Powur's calls described above, in the amount of $500 per call.

61. Plaintiff is entitled to an award of at least $500 in damages for each such violation. 47

U.S.C. § 227(c)(5)(B).

62. Plaintiff is entitled to an award up to $1,500 in damages for each knowing or willful

violation of 47 U.S.C. § 227(c)(3)(F).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Brandon Callier prays for judgment against the Defendants

jointly and severally as follows:

A. Leave to amend this Complaint to name additional DOESs as they are identified

and to conform to the evidence presented at trial;

B. A declaration that actions complained of herein by Defendants violates the TCPA

and Texas state law;

C. An injunction enjoining Defendants and their affiliates and agents from engaging

in the unlawful conduct set forth herein;

D. An award of $1,500 per call in statutory damages arising from the TCPA §227(c)

intentional violations jointly and severally against Defendants for sixty-three (63) calls;

E. An award to Mr. Callier of damages, as allowed by law under the TCPA;

F. An award to Mr. Callier of interest, and costs, as allowed by law and equity;

G. Such further relief as the Court deems necessary, just, and proper;


August 17, 2023,

Respectfully submitted,

13

/s/ Brandon Callier

_____

Brandon Callier
Plaintiff, Pro Se
6336 Franklin Trail
El Paso, TX 79912
915-383-4604
Callier74@gmail.com

H.    Demand for Jury Trial

Plaintiff hereby demands a trial by jury on all claims so triable.

Dated: August 17, 2023,                    /s/ Brandon Callier

_____

Brandon Callier
Plaintiff, Pro Se
6336 Franklin Trail
El Paso, TX 79912
915-383-4604
Callier74@gmail.com