UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| BRANDON CALLIER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:23-CV-00375-KC |
| ) | |
| UNIFIED HEALTH, LLC, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT UNIFIED HEALTH LLC'S MOTION TO ADJOURN COURT'S STANDING ORDER ON PRETRIAL DEADLINES

Defendant Unified Health LLC ("Unified Health"), by its undersigned counsel, respectfully requests that this Court adjourn the deadline for Report of Parties' Planning Meeting, suspend obligations under Fed. R. Civ. P. 26, and stay all other relevant discovery deadlines until a date after this Court rules on Unified Health's pending Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 16) ("Pending Motion to Dismiss"), as, *inter alia*, that motion challenges this Court's subject matter jurisdiction over the action and would otherwise dispose of the action in its entirety.

In support of this Motion, Unified Health states as follows:[1]

1. On October 31, 2023, Unified Health filed a Notice of Attorney Appearance in this action. Doc. 7.

2. On December 4, 2023, Unified Health filed a Motion to Dismiss Plaintiff Brandon Callier's ("Plaintiff") Complaint. Doc. 10. In the Motion to Dismiss, Unified Health sought:

---

[1] Pursuant to Question 11 of Judge Cardone's Fact Sheet, Unified Health submits this request for a modification of the scheduling order via a Motion to the Court.

(a) To dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(1) because Plaintiff has not suffered an injury in fact fairly traceable to Unified Health's alleged actions and, therefore, this Court lacks jurisdiction over this action under Article III;

(b) To dismiss the Amended Complaint with prejudice under Federal Rule of Civil Procedure 12(b)(6) because Plaintiff fails to state a plausible claim against Unified Health under the TCPA, as Plaintiff alleges that the calls at issue were placed to a cellular phone, not a residential telephone line; as this Court has previously held, calls to cellular phones do not trigger the TCPA's Do-Not-Call ("DNC") regulations. *Callier v. GreenSky, Inc.*, No. 20-00304, 2021 WL 2688622, at *6 (W.D. Tex. May 10, 2021) (Cardone, J.);

(c) To dismiss the Amended Complaint with prejudice under Federal Rule of Civil Procedure 12(b)(6) because Plaintiff fails to state a plausible claim against Unified Health under Tex. Bus. & Comm. Code § 302.101 because the Complaint is impermissibly based on a threadbare recital of the claim's elements and Plaintiff lacks a private right of action to assert his claim.

3. On December 12, 2023, Unified Health moved to adjourn the Court's standing order on pre-trial discovery deadlines in light of the arguments raised in its Motion to Dismiss. Doc. 11.

4. On December 13, 2023, Plaintiff filed a Notice of First Amended Complaint. Doc. 12.

5. The Court then denied both of Unified Health's pending Motions as moot. Doc. 13.

6. On December 27, 2023, Unified Health filed a Motion to Dismiss the First Amended Complaint on the same grounds as the Motion to Dismiss the Complaint. Doc. 16.

7.  Pursuant to the Court's Standing Order on Pretrial Deadlines and Judge Cardone's Fact Sheet, the parties are to file a Report of Parties' Planning Meeting within forty-five days of the appearance of the first defendant in the case.

8.  If the Court calculates this deadline by the Notice of Appearance, the deadline is December 15, 2023. If it is calculated by the filing of the Motion to Dismiss, the deadline is January 18, 2024.

9.  In light of the pending Motion to Dismiss the First Amended Complaint on jurisdictional grounds, Unified Health requests an adjournment of the Standing Order on Pretrial Deadlines until a date after this Court rules on Unified Health's pending Motion to Dismiss or a subsequent Motion to Dismiss.

10.  "A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). In particular, the Court has discretion to stay discovery while a motion to dismiss is pending, if the disposition of the motion to dismiss "might preclude the need for the discovery altogether." *Landry v. Air Line Pilots Ass'n Int'l AFL–CIO*, 901 F.2d 404, 436 (5th Cir. 1990). This authority is also consistent with the obligation "to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1.

11.  As the Fifth Circuit has long recognized, it is "'wasteful to allow discovery on all issues raised in a broad complaint when, for example, the case will not reach' a determination on those merits." *Sapp v. Mem'l Hermann Healthcare Sys.*, 406 F. App'x 866, 870 (5th Cir. 2010) (quoting *Corwin v. Marney, Orton Invs.*, 843 F.2d 194, 200 (5th Cir. 1988)). "When balancing the meager harm produced by such a temporary stay at the outset of [a] case against the possibility that [a] Motion to Dismiss will be granted and entirely eliminate the need for such discovery,"

courts have found "a temporary stay is appropriate." *Conquest v. Camber Corp.*, No.13-1108, 2014 WL 172500, at *1 (W.D. Tex. Jan. 13, 2014); *see also Rivera v. United States,* No. 15-21, 2015 WL 13650012, at *2 (W.D. Tex. May 18, 2015) (staying discovery as to the merits of the case in light of pending motion to dismiss on jurisdictional grounds) (Cardone, J.).

12. Here, Unified Health challenges not only the sufficiency of Plaintiff's pleading, but also this Court's jurisdiction over the action itself. Subject matter jurisdiction is not a trivial matter. If this Court ultimately grants Unified Health's pending Motion to Dismiss the First Amended Complaint under Rule 12(b)(1), it will have found that this Court never possessed jurisdiction over the subject matter of this action. "Article III of the United States Constitution limits the federal judicial power . . . ." *Earl v. Boeing Co.*, 53 F.4th 897, 901 (5th Cir. 2022). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex Parte McCardle*, 74 U.S. 506, 514 (1868)); *see also Earl*, 53 F.4th at 903 (3d Cir. 2016) (once a court determines plaintiff lacks an injury in fact, , "it necessarily determine[s] that it did not have jurisdiction" over the action). In other words, there will have been no basis to have conducted discovery in the first place.

13. Unified Health also challenges the legal sufficiency of Plaintiff's First Amended Complaint. By keeping discovery deadlines as currently scheduled, however, discovery would commence before the Motion to Dismiss is even fully-briefed, and well before this Court has an opportunity to rule on the motion. *See* Fed. R. Civ. P. 26(a)(1)(C), (d)(1), (f)(1) (tying initial discovery to the timing of the initial scheduling conference).

14. Unified Health is not asking this Court to pre-judge the merits of Unified Health's Pending Motion to Dismiss. While Unified Health is confident that this Court will grant its Pending Motion to Dismiss, Unified is merely requesting an adjournment of the deadline for Report of Parties' Planning Meeting, currently due on December 15, 2023 or January 18, 2024, and a suspension of obligations under Fed. R. Civ. P. 26 and all other relevant discovery deadlines until the Court has the opportunity to rule on the Pending Motion to Dismiss based on full briefing and, as needed, argument.

15. In sum, should this Court grant Unified Health's Pending Motion to Dismiss, Plaintiff's claim will be dismissed and the parties would have no need or reason to engage in extensive discovery. Given the nature of Plaintiff's First Amended Complaint and the claims raised in Unified Health's Pending Motion to Dismiss, discovery could be burdensome, expensive, and involve third parties, including subpoenas for documents and depositions to individuals referenced in Plaintiff's Complaint and Unified Health's records. The burdensome nature of discovery only compounds the prejudice Unified Health would suffer if discovery proceeds and then Plaintiff's claims are dismissed—a prejudice that would be avoided should this Court grant the instant Motion.

16. By comparison, given the infancy of this case, Plaintiff would not suffer any prejudice in the event that this Court adjourns the deadline for Report of Parties' Planning Meeting, currently due on December 15, 2023 or January 18, 2024, and suspends other obligations under Fed. R. Civ. P. 26 and all other relevant discovery deadlines.

17. Counsel for Unified Health asked Plaintiff if he consented the relief sought in this Motion. Plaintiff did not consent and instead served a request for discovery (a copy of Unified

Health's do-not-call policy). In a subsequent conversation with new counsel for Plaintiff, counsel indicated he intended to oppose the motion.

18. Unified Health respectfully submits that the purpose of a Rule 26(f) planning conference will be better served if the conference occurs after this Court rules on Unified Health's Pending Motion to Dismiss. Unified Health's motion may dispose of the case entirely and will at a minimum inform the parties as to whether, when, and to what degree this matter will proceed beyond the pleadings. Adjourning discovery will also preserve the resources of the parties and this Court by preventing consideration of issues that will not survive a determination of the Pending Motion to Dismiss without prejudice to any party.

19. Thus, good cause exists to adjourn the Case Management Conference, and doing so serves the efficient resolution of this case.

**WHEREFORE**, Unified Health respectfully requests that this Court grant this Motion and adjourn the deadline for Report of Parties' Planning Meeting, suspend obligations under Fed. R. Civ. P. 26, and stay all other relevant discovery deadlines until a date after this Court rules on Unified Health's pending Motion to Dismiss Plaintiff's Complaint

Dated: New York, New York
January 2, 2024

COZEN O'CONNOR, P.C.

*/s/ Rachel B. Soloman*
Rachel B. Soloman (admitted *pro hac vice*)
3 WTC
175 Greenwich Street, 55th Floor
New York, NY 10007
rsoloman@cozen.com

Tyler M. Frankel
State Bar Number: 24101767
1717 Main Street, Sute 3100
Dallas, Texas 75201
tfrankel@cozen.com

Page 5

## **CERTIFICATE OF SERVICE**

      I hereby certify that I filed the above pleading and all accompanying documents through the Court's electronic filing system on January 2, 2024 and that the above motion and all accompanying documents will be served on all parties and counsel of record through the Court's electronic filing system.

Andrew Roman Perrong (W.D. Tex. # 333687)
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

*Attorney for Plaintiff*

                                              */s/ Rachel B. Soloman*
                                              Rachel B. Soloman