**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **BRANDON L CALLIER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-23-CV-375-KC** |
| | § | |
| **UNIFIED HEALTH, LLC,** | § | |
| | § | |
| **Defendant.** | § | |

**ORDER**

On this day, the Court considered Defendant's Motion to Adjourn Court's Standing Order on Pretrial Deadlines ("Motion to Stay"), ECF No. 17.  Defendant requests that the Court stay discovery and defer entry of a scheduling order until after it resolves Defendant's Motion to Dismiss, ECF No. 16, in which Defendant moves to dismiss Plaintiff's First Amended Complaint, ECF No. 14, for lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted.  Mot. Stay 1; *see* Mot. Dismiss 1.  Defendant states that Plaintiff's "counsel indicated he intended to oppose the [Motion to Stay]," but the deadline to do so has passed, and Plaintiff did not file a response in opposition.  Mot. Stay ¶ 17; *see* W.D. Tex. Local Rule CV-7(d)(2).

Under the Federal Rules of Civil Procedure, a court "must issue [a] scheduling order as soon as practicable, [ ] unless the [court] finds good cause for delay."  Fed. R. Civ. P. 16(b)(2).  And "[a] trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined."  *Petrus v. Bown*, 833 F.2d 581, 583 (5th Cir. 1987).  A stay is often appropriate when defendants challenge the Court's subject-matter jurisdiction with a 12(b)(1) motion.  *See, e.g., Johnson v. Ashmore*, No. 3:15-CV-2475-K (BF),

2016 WL 8453918, at *1 (N.D. Tex. Jan. 22, 2016) (collecting cases); *Varela v. United States*, No. H-07-0343, 2012 WL 1936313, at *12 (S.D. Tex. May 29, 2012) ("Questions of subject matter jurisdiction must be decided first, because they concern the court's very power to hear the case." (quoting *Owens-Illinois, Inc. v. Meade*, 186 F.3d 435, 442 n.4 (4th Cir. 1999) (cleaned up)).  Indeed, such a stay may even be required.  *See Sutton v. United States*, 819 F.2d 1289, 1299 (5th Cir. 1987) ("Until [the] threshold immunity question is resolved, discovery should not be allowed." (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

Here, Defendant argues that Plaintiff lacks standing to sue, thus depriving the Court of subject-matter jurisdiction.  Mot. Stay ¶ 12; Mot. Dismiss 7–11.  Accordingly, the Court finds that there is good cause to stay discovery and delay entry of a scheduling order until the Court resolves Defendant's Motion to Dismiss.  Defendant's Motion to Stay, ECF No. 17, is **GRANTED**.

It is **ORDERED** that discovery and all other deadlines in this matter are **STAYED** pending resolution of Defendant's Motion to Dismiss.

**SO ORDERED.**

SIGNED this 10th day of January, 2024.

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE