IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| BRANDON CALLIER<br><br>　　　　Plaintiff,<br><br>vs.<br><br>UNIFIED HEALTH, LLC<br><br>　　　　Defendant. | Case No. 3:23-cv-00375-KC |

**DECLARATION OF BRANDON CALLIER IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

1. My name is Brandon Callier. I am over 18 years old. I can testify competently to the undersigned statements.

2. This declaration is based on my personal knowledge.

3. My telephone number 915-383-4604 is on the National Do-Not-Call Registry and has been since I registered it there in 2007.

4. I am the user of 915-383-4604. I never provided my consent to Defendant to make calls to this number, including, but not limited to, online.

5. The number 915-383-4604 is assigned to a non-business, residential consumer cellular telephone service. It is not associated with a business. It is not a business account or part of a business account. Verizon, my cell phone provider, does not market or service my plan for business use, nor is it a service plan intended for business customers.

6. I use the number 915-383-4604 primarily for personal, family, and household use, and not for business use.

7. All the calls I received from the Defendant, which came from the caller ID 210-762-4020, bore the caller ID name "SILVERSCRIPT."

1

8. Defendant is not "SILVERSCRIPT," nor does the Defendant have any affiliation with Silverscript, LLC, which appears to be a Medicare prescription drug management company.

9. The table located in Paragraph 51 of my Amended Complaint accurately describes the calls I received. I did not answer the first, eighth, or ninth calls. I answered the second call, but the call dropped.

10. I answered the third call. My telephone records reflect that that call lasted eight seconds, enough time for me to identify the caller as calling from Unified Health, to tell the caller I did not have Medicare, and that I did not want additional calls.

11. I answered the fourth call. My telephone records reflect that that call lasted twenty-six seconds, enough time for me to identify the caller as calling from Unified Health, to tell the caller I did not have Medicare, and that I did not want additional calls.

12. I answered the fifth call. My telephone records reflect that that call lasted twenty-three seconds, enough time for me to identify the caller as calling from Unified Health, to tell the caller I did not have Medicare, and that I did not want additional calls.

13. I answered the sixth call. My telephone records reflect that that call lasted eleven seconds, enough time for me to identify the caller as calling from Unified Health, to tell the caller I did not have Medicare, and that I did not want additional calls.

14. I have no clue why the Defendant would claim that its records demonstrate no conversations occurred. I am confident they occurred, and have two sets of phone records, including one from a phone company, to prove this. Defendant has nothing other than an unspecified "review" of their (evidently falsified or inaccurate) internal records.

15. After this call, I was fed up with the fact that my do not call requests were being ignored and was confused as to why the caller ID read "SILVERSCRIPT" but the agents claimed to be calling from Defendant, Unified Health, so I called the number back to uncover the identity of the caller and for no other reason.

16. Investigation of the caller by "playing consumer" is often necessary in cases like these, particularly because it is unclear who the caller is when they provide false, misleading, and bogus information as to who they are, including through caller ID. And though the callers stated they were with Unified Health, I did not trust these representations because of the mismatch between the caller ID and the fact that they ignored my do not call requests.

17. During that call, I needed to play along with the agent's script, including providing my father's name and stating that he was on Medicare, to receive actionable information regarding the identity of the caller. At no part of that call did I provide any consent to future calls.

18. In fact, during a follow-up call on October 4, 2023, I reiterated my do not call request.

19. The calls nevertheless continued, including two missed calls within a minute of each other on October 28, *during the pendency of this lawsuit and after the Defendant was served.*

20. Elston Tatum is my father. He has no part in this lawsuit. Neither he, nor I, nor anyone else acting on our behalf requested that I receive the complained of calls, including by submitting our information online.

21. My life has recently been in a state of flux because of an ongoing divorce.

22. At various points in June through October of 2023, I rented an apartment in North Carolina and had intended to move there and establish a new residence there.

23. In fact, I still would like to move to North Carolina once the remaining issues surrounding my divorce are resolved.

24. I am gainfully employed as a tax service provider and have my own tax services business. I employ and have employed multiple other employees at my offices in Texas.

25. I was physically present in Texas on August 11, 2023, but was also physically present in North Carolina in the surrounding time frame. Given the state of my life, I inadvertently stated in *Callier v. Family Advantage Plus Grp., LLC* that I was physically present in North Carolina, not Texas, during the August 11, 2023, call in that case. I apologize to both Courts for this error and will soon amend my pleadings in that case to rectify my mistake.

26. To be clear, I do nothing to precipitate the illegal calls which are placed to me. I do not want these communications, but they continue to be placed to me. They are highly annoying and disruptive. They therefore harmed me.

27. I understand that this lawsuit alleges that the Defendant violated the Telephone Consumer Protection Act by placing calls to my telephone number without obtaining proper consent or following legal requirements such as not calling numbers on the National Do-Not-Call Registry.

28. In addition, understand that this lawsuit alleges that the Defendant violated the Texas Business and Commerce code because it did not register as a telemarketer with the Secretary of State. This conduct directly caused me additional harm, as it prevented me from making a do not call request to the correct entity, forced me to engage in additional

4

investigation to uncover the right entity, and serve the Defendant in Delaware, which cost me more than if I could have served the Defendant through the Texas Secretary of State in Austin.

29. I have never proactively created or found TCPA claims nor entrapped businesses. I do not welcome nor invite these illegal calls and have taken measures for them to stop, including by placing my number on the Do-Not-Call Registry and holding those who call me accountable for their actions.

30. I was deprived of legitimate use of my telephone, bandwidth, power, and storage space and my privacy was improperly invaded. Additionally, my statutory rights as recognized by the TCPA were violated. Illegal calls are frustrating, obnoxious, and annoying. They are even more so after they continue, despite you wanting them to stop, and being unable to stop them. They are a nuisance and disturbed my solitude and wasted my time.

31. I do not and have never welcomed nor wanted illegal calls and do nothing to receive or deserve them. My injury was done completely at the hands of Defendant, who took it upon itself to send me multiple calls in violation of the TCPA, including after I asked them to stop and twice after I sued them.

32. I brought this case not for personal motives or financial gain, but as a bulwark for the rights of consumers against illegal telephone conduct. I was not paid by anyone to do so.

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

                                          **Executed this 9th day of January 2024**

                                                                                          **BRANDON CALLIER**