UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| BRANDON CALLIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:23-CV-00375-KC |
| | ) | |
| UNIFIED HEALTH, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT UNIFIED HEALTH LLC'S REPLY
### IN SUPPORT OF ITS MOTION TO DISMISS

Defendant Unified Health LLC ("Unified Health") moved to dismiss Plaintiff Brandon Callier's First Amended Complaint ("FAC") (Doc. 14) pursuant to Federal Rules of Civil Procedure 12(b)(1), as Plaintiff lacks standing, and 12(b)(6), as Plaintiff fails to state a claim. Plaintiff's Opposition ("Opp.") (Doc. 19) cannot salvage his claims.

With regard to Plaintiff's lack of standing under 12(b)(1), Unified Health presented clear evidence of claim manufacturing in the instant litigation, demonstrated by (1) Plaintiff's contradictions in pleadings made to the Court; (2) inconsistencies as to Plaintiff's whereabouts on certain days in pleadings made to this Court and other federal courts, and (3) Plaintiff's continued solicitation of calls, evidenced by Unified Health's records regarding the content of the September 27, 2023 call and "DNC" requests allegedly made when no communication could have occurred. Plaintiff's Opposition states all the fact shopping present in these various pleadings is not a result of claim manufacture, but done out of "confusion." He does not dispute that the FAC completely contradicts the allegations in the initial Complaint ("Complaint") (Doc. 4), or disagree that he has filed pleadings claiming to be in two places at once. Instead, Plaintiff's Opposition intentionally

misrepresents Defendant's standing argument, attempting to distract the Court and minimize his falsehoods by presenting Unified Health as critiquing Plaintiff's "investigation" into the subject calls. This is a red herring. Unified Health's Motion does not question serial plaintiffs generally or Plaintiff's ability to determine who is calling him; instead, Unified Health presents to this Court that Plaintiff's own contradictions and inconsistencies in describing his so-called "investigation" and do-not-call requests evidence a clear lack of injury.

The fact of the matter is that Plaintiff has not suffered an injury-in-fact fairly traceable to Unified Health's alleged actions that would create subject matter jurisdiction for this Court over Plaintiff's claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA"), or Tex. Bus. & Comm. Code § 302.101 ("Section 302.101"). Again, Plaintiff's lack of standing does not merely arise from his status as a serial plaintiff or his "investigation," as Plaintiff would present. Instead, his lack of injury significantly arises from the inconsistent and untrue "facts" contained in various federal court pleadings and his continued solicitation of calls from Unified Health.

In the alternative, Plaintiff's FAC should be dismissed with prejudice as he fails to state a claim. As this Court has previously held, calls to cellular phones used for business purposes do not trigger the TCPA's Do-Not-Call ("DNC") regulations. *Callier v. GreenSky, Inc.*, No. 20-00304, 2021 WL 2688622, at *6 (W.D. Tex. May 10, 2021) (Cardone, J.). Second, Plaintiff's Section 302.101 claim must be dismissed as he has not alleged sufficient harm to state a claim.

## ARGUMENT

**I.   This Court Should Dismiss the Complaint Because Plaintiff Has Not Suffered an Injury in Fact and Therefore this Court Lacks Subject Matter Jurisdiction.**

Unified Health's argument is clear: Plaintiff does not have standing to support his claims because there is indisputable evidence that he has "gin[ned] up [a] TCPA claim." *Callier v.*

*GreenSky, Inc.,* 2021 WL 2688622, at *4. Plaintiff tries to paint this argument as Unified Health arguing "that consumers who play along with a telemarketer to uncover the caller's identity lack standing." Opp. at 5. This is not so. Standing is an individualized inquiry. Unified Health limits this jurisdictional attack solely to Plaintiff Brandon Callier and his claims against Unified Health, and it is not based on Plaintiff's "investigation," but the discrepancies between the Complaint and FAC, the inconsistencies between facts pled by Plaintiff in this action and in other actions, and Unified Health's records regarding the at-issue calls.

Plaintiff's Opposition spends pages discussing the rights of serial plaintiffs to bring TCPA actions generally. *See* Opp., p. 6–8. This is of no moment, as Plaintiff's status as a serial plaintiff merely adds color to Defendant's standing argument, which, again, is premised both on Mr. Callier's misrepresentations before this Court and other federal courts regarding his claims against Unified Health, and Unified Health's own records regarding the subject calls. As stated in Unified Health's moving papers, this Court has held that Mr. Callier could survive a challenge to his standing in *GreenSky* because the defendant failed to bring evidence demonstrating Plaintiff was trying to "gin up TCPA claims." *Id.* In Opposition, citing *GreenSky,* Plaintiff argues that Unified Health's "attempted use of past litigation" to prevent him from pursuing a valid claim should be given no weight in a standing analysis. Opp., p. 8. But Unified Health is *not* relying on past litigation to show that Mr. Callier is attempting to "gin up" a TCPA claim here. Instead, Unified Health has presented clear evidence of claim manufacturing in the *instant litigation*, demonstrated by (1) Mr. Callier's dueling sets of facts presented to this Court as to who placed the September 27, 2023 phone call to Unified Health; (2) allegations that he was present in both Texas and North Carolina on the same date to receive calls that violate the TCPA as presented to this Court and another federal court; (3) Unified Health's records regarding the content of the September 27, 2023

call, showing Plaintiff's expressed interest in being contacted despite the FAC's allegation that he told Unified Health not to call back; and (4) Unified Health's records as to "DNC" requests allegedly made when no communication could have occurred.

Plaintiff's explanation for these inconsistencies is "confusion." Per the FAC, he was "confused" when he filed his initial Complaint as to who placed the phone call to Unified Health because he mixed up Unified Health with a different Medicare company, despite noting elsewhere that he is ineligible for Medicare. FAC, ¶ 98. Per the Opposition, he was "mistake[n]" as to what state he was in on August 11, 2023 and intends to correct the false averment made to the Western District of North Carolina in *Callier v. Family Advantage Plus Grp., LLC,* No. 23-00470 (E.D.N.C.).[1] While Plaintiff may claim to be given "substantial leeway" in pleadings filed when he was *pro se,* he is still required to submit truthful averments in federal court pleadings (*see* 18 U.S.C. § 1623(a)) and because "TCPA suits have, in many instances, been abused by serial litigants… going forward each such case merits close scrutiny on the issue of standing in light of *Spokeo*." *Morris v. Unitedhealthcare Ins. Co.*, No. 15-638, 2016 WL 7115973, at *6 (E.D. Tex. Nov. 9, 2016), *report and recommendation adopted*, No. 15-638, 2016 WL 7104091 (E.D. Tex. Dec. 6, 2016). It is clear that Mr. Callier cannot withstand close scrutiny; he has submitted admittedly untrue statements in multiple federal court pleadings to support his TCPA scheme and lacks standing to pursue these claims because he has not shown injury-in-fact. As in *Stoops,* because Unified Health has shown that Plaintiff initially solicited and then continued to solicit

---

[1] As of this filing, no amended pleading has been filed in the North Carolina action and there has been no communication to that court of the untrue statement purportedly contained in Mr. Callier's complaint, despite Unified Health first raising the inconsistency in its initial Motion to Dismiss on December 4, 2023. Doc. 10. The *Family Advantage Plus Grp.* docket has been active, however, with Plaintiff moving for default and seeking damages for the at-issue August 11, 2023 phone call on December 11, 2023—a full week after being made aware that his pleading is apparently untrue. *Callier v. Family Advantage Plus Grp., LLC,* No. 23-00470, Doc. 9. (E.D.N.C.).

calls in order to bring this litigation, "the calls did not constitute 'the nuisance, invasion of privacy, cost, and inconvenience' from which Congress intended to protect consumers." *Stoops v. Wells Fargo Bank, N.A.,* 197 F. Supp. 3d 782, 800 (W.D. Pa. 2016) (citing *In re Rules Implementing the Tel. Consumer Prot. Act of 1991*, 30 F.C.C. Rcd. 7961, 7980 (2015)).

With regard to the content of the September 27, 2023 call, now faced with the transcript of the call, Plaintiff apparently remains "confused" about the content of the call and still fails to correct his untrue allegation that he "told [Unified Health] not to call back." FAC, Table A, p. 8. The transcript clearly shows Plaintiff indicating interest on behalf of his father. *See* Hunsaker Decl., ¶ 10. Plaintiff does *not* request that Unified Health stop calling during the September 27, 2023 call, yet his FAC classifies this call as a DNC request. FAC, Table A, p. 8. Indeed, based on Plaintiff's own representations during the September 27, 2023 call, that same agent directly placed the two October 28, 2023 calls noted by Plaintiff to follow up on Plaintiff's expressed interest. *Id.*, ¶ 11. Plaintiff's Opposition is unable to explain away Plaintiff's false averment in the FAC that he told Unified Health "not call back" in the September 27, 2023 call. The lack of credibility as to any other "DNC requests" speaks for itself.

Plaintiff presents this as an "investigation" into who was calling him, citing a litany of cases which purportedly state that an individual may fish for information from a telemarketer to determine the source of these calls. *See* Opp., p. 10–11. These cases, however, do *not* support the proposition that a Plaintiff may consent to or request future calls as an investigative tactic, like Plaintiff did here when he suggested his father would be interested and he anticipated calling Unified Health back in the next few hours. Moreover, the defendants in the cases cited by Plaintiff regarding investigation into calls were not making standing arguments based on claim manufacture or the specific invitation of future calls like Unified Health does here; those defendants were

making standing arguments solely based on the plaintiffs' identity as professional TCPA plaintiffs. *See, e.g.. Shelton v. Nat'l Gas & Elec., LLC,* No. 17-4063, 2019 WL 1506378, at *4 (E.D. Pa. Apr. 5, 2019) ("[d]efendant argues that Plaintiff cannot demonstrate an injury-in-fact because he operates a professional judgment recovery business and 'a TCPA litigation operation' in which he files TCPA lawsuits either to generate profit or punish telemarketers"); *Murray v. GMAC Mortg. Corp.*, 434 F.3d 948, 954 (7th Cir. 2006) (standing argument based on professional plaintiff status); *Abramson v. Oasis Power LLC*, No. 18-00479, 2018 WL 4101857 (W.D. Pa. July 31, 2018) (standing argument based on "prolific history" of filing TCPA suits).

Given that the September 27, 2023 transcript clearly demonstrates that Plaintiff did not make a DNC request, despite claiming in his FAC that he did, Plaintiff now relies on purported other DNC requests made on other calls. These allegations, however, are contradicted by Unified Health's records, which show no outgoing calls were "answered," meaning no conversation occurred between a Unified Health broker and an answering recipient at the at-issue phone number. *See* Hunsaker Decl., ¶ 8. Plaintiff seems to imply that Unified Health must provide transcripts of these outgoing calls (Opp., p. 13), but Unified Health's recordings of these two calls show that no communication occurred between Unified Health and the answering individual. Hunsaker Decl., ¶ 8. Contrary to Plaintiff's allegations, the only call that resulted in communication between Unified Health and the at-issue phone number was the above-referenced September 27, 2023 call, in which (1) Plaintiff now admits he called Unified Health and (2) records demonstrate that no DNC request was made and Plaintiff instead indicated to Unified Health that his father would be interested in speaking with the caller in two hours. *Id.,* ¶¶ 5, 10.

Under *TransUnion*, a district court *cannot* exercise subject matter jurisdiction over a plaintiff's claim unless that plaintiff can establish the calls actually inflicted an injury with a "close

relationship to a harm traditionally recognized as providing a basis for a lawsuit in American courts." *TransUnion*, 141 S. Ct. at 2200. This Court must reject Plaintiff's factual inconsistencies and boilerplate allegations and dismiss this action for lack of subject matter jurisdiction.

**II.    Alternatively, This Court Should Dismiss the FAC Because Plaintiff Fails to State a Claim for Violation of the TCPA or Section 302.101.**

**A.    Plaintiff's New Declaration Cannot Salvage His TCPA Claim as He Does Not Allege Any Calls to a Residential Telephone Subscriber.**

This Court has already held in *Callier v. GreenSky, Inc.* that, under the regulation's plain language and based on Plaintiff's allegations here, a call to Plaintiff's cellular phone is not a call to a "residential telephone subscriber." 2021 WL 2688622, at *6. Plaintiff's Opposition does little to combat this clear precedent, arguing simply that this Court's *GreenSky* decision was "wrong" (Opp., p. 18) and seeking to add new allegations through a declaration.

First, Plaintiff's declaration is of no use on a 12(b)(6) challenge to the face of the pleadings. *See, e.g., Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 340 (5th Cir. 2008) (finding that because a 12(b)(6) "review is limited to his complaint and its proper attachments, we may not consider any additional evidence or pleadings."); *Fin. Acquisition Ptnrs. v. Blackwell*, 440 F.3d 278, 289 (5th Cir. 2006) (affirming district court's refusal to review facts outside of complaint when reviewing 12(b)(6) motion). And in any event, it is well settled that a plaintiff may not add new allegations through motion practice. *Kunzweiler v. Zero.Net, Inc.*, No. 03-2553 2002 WL 1461732, at *18 (N.D. Tex. July 3, 2002) ("[f]actual allegations in a brief are not to be considered on a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6)").

Second, Plaintiff's declaration has the same issue as his pleading: Plaintiff *still* cannot state that the at-issue number is solely for personal use. At most, Plaintiff newly claims that his cell phone is not a "business account" with Verizon, but he continues to acknowledge that his cellular phone is only "primarily" used for "personal, family, and household use." Doc. 19-1, ¶¶ 5, 6. This

is insufficient. *See, e.g. Worsham v. Discount Power, Inc.,* No. 20-0008, 2021 WL 50922, at *4 (D. Md. Jan. 6, 2021) (dismissing claim where number was used for residential and business purposes); *see also Shelton v. Target Advance LLC,* No. 18-02070, 2019 WL 1641353, at *6 (E.D. Pa. Apr. 16, 2019) (finding telephone used for business purpose did not qualify as residential).

As this Court has already found, Plaintiff's reliance on his "cellular phones"—which are inherently untethered to his residence—to assert DNC claims fail in the face of the regulation's plain language, and as such, his TCPA claim must be dismissed with prejudice.

      **A.**    **Plaintiff Fails to Allege Facts Supporting a Section 302.101 Violation and, in Any Event, Lacks a Right of Action to Assert this Claim.**

Plaintiff's Opposition initially misses the point of Unified Health's arguments regarding Section 302.101 and his arguments are readily dismissed. Unified Health did not argue no private right of action exists (as argued in the cases cited by Plaintiff); Unified Health argued that Section 302.101 provides a private right of action *only* through the Texas Deceptive Trade Practices Act ("DTPA"). Doc. 14, ¶ 65 (citing Tex. Bus. & Com. Code § 302.303). Because this private right of action is limited to instances where the "'deceptive act or practice' causes 'economic damages or damages for mental anguish,'" and nowhere does Plaintiff allege that he took any steps in reliance on Unified Health being registered with the Secretary of State, his claim must be dismissed. *Arencibia v. AGA Serv. Co.*, No. 20-0819, 2020 WL 10056799, at *6 (N.D. Tex. Nov. 13, 2020) (dismissing DTPA claim where plaintiff acted based on the policy offered, not the misrepresentation alleged).

On the face of the FAC, Plaintiff does not allege any resulting harm from Unified Health's registration status and at best, Plaintiff alleges that the "calls"—not any registration status—harmed him by causing a "nuisance and invasion of privacy." Doc. 14, ¶ 105. Now, in Opposition, Plaintiff attempts to generate another form of harm: the cost of a process server to serve Defendant

at their Delaware headquarters. Opp., p. 20. While the Court cannot consider allegations made outside the pleadings, even if it could, this harm is unrelated to Defendant's registration status. The costs of process server would be required in service of a complaint regardless of registration status—particularly as plaintiff's primary TCPA claim would require service of process regardless. Because all harms alleged by Plaintiff are unrelated to Unified Health's registration status and fall short of the "economic or damages for mental anguish" required to assert a claim, Plaintiff's claim under Section 302.101 should be dismissed.

## CONCLUSION

For the foregoing reasons, Unified Health respectfully requests that this Court grant its Motion and issue an Order dismissing Plaintiff's FAC with prejudice and ordering such other and further relief as the Court may deem just and proper.

Dated: New York, New York
January 17, 2023

COZEN O'CONNOR, P.C.

*/s/ Rachel B. Soloman*
Rachel B. Soloman (admitted *pro hac vice*)
3 WTC
175 Greenwich Street, 55th Floor
New York, NY 10007
rsoloman@cozen.com

Tyler M. Frankel
State Bar Number: 24101767
1717 Main Street, Sute 3100
Dallas, Texas 75201
tfrankel@cozen.com

**CERTIFICATE OF SERVICE**

      I hereby certify that I filed the above pleading and all accompanying documents through the Court's electronic filing system on January 17, 2023 and that the above pleading and all accompanying documents will be served on all parties and counsel of record through the Court's electronic filing system.

Andrew Roman Perrong (W.D. Tex. # 333687)
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

*Attorney for Plaintiff*

                                      */s/ Rachel B. Soloman*
                                      Rachel B. Soloman