IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| BRANDON CALLIER<br><br>            Plaintiff,<br><br>vs.<br><br>UNIFIED HEALTH, LLC<br><br>            Defendant. | Case No. 3:23-cv-00375-KC |

REPORT OF PARTIES' PLANNING MEETING

**Date Complaint Filed:** October 12, 2023 (Amended Complaint, December 14, 2023)
**Date Complaint Served:** October 13, 2023
**Date of Defendant's Appearance:** October 31, 2023

Pursuant to Federal Rules of Civil Procedure 16(b), 26(f), and Local Rule 16, a conference was held on July 30, 2024. The participants were:

Andrew Roman Perrong, Esq. for Plaintiff Brandon Callier

Rachel Bevans Soloman, Esq. for Defendant Unified Health, LLC

    **I.**    **Certification**

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

    **II.**    **Jurisdiction**

        A.  Subject Matter Jurisdiction

        Plaintiff's Statement: The Plaintiff contends that subject matter jurisdiction is appropriate in this matter because it is proceeding under the TCPA, which is a federal statute and confers an injury in fact. As this Court stated in denying the Defendant's Motion to Dismiss, "if Callier received unwanted phone calls from Unified Health, then he suffered an injury sufficient for standing purposes." Plaintiff is confident that discovery will bear out the fact that he received nine calls from the Defendant which he did not want or otherwise consent to, nor did he "purposely solicit[] or otherwise desire[] to receive the calls from Unified Health."

1

Defendant's Statement: As outlined in Defendant's Motion to Dismiss the Amended Complaint, Defendant's position is that this Court lacks subject matter jurisdiction because Plaintiff has not suffered an injury-in-fact fairly traceable to Unified Health's alleged actions. Unified Health's records confirm that the name and information of Plaintiff's and Carlton Tatum's father—Elston Tatum—were submitted to induce Unified Health to call the number Plaintiff claims in the Complaint. These records, along with pleadings filed by Plaintiff elsewhere, confirm Plaintiff's tendency to distort facts to serve his TCPA schemes. If Plaintiff manufactured this litigation, or otherwise welcomed the call (i.e., if the call was "wanted"), he cannot claim to have incurred any injury in fact and does not have standing to proceed before this Court. The Court's ruling on the Motion to Dismiss leaves the door open for Defendant to pursue this challenge during discovery and reassert it at the summary judgment stage.

B. Personal Jurisdiction

Both parties agree that personal jurisdiction is proper here.

### III. Brief Description of Case

Plaintiff's Statement: The Plaintiff received nine illegal telemarketing calls in violation of both the TCPA and Texas Business and Commerce Code. The Defendant, after claiming that they did not place the calls at all in their motion, now concede that they placed the calls. However, they claim that the calls were placed with the Plaintiff's consent, or alternatively, through consent purportedly submitted by the Plaintiff's father. But neither the Plaintiff, nor anyone associated with the Plaintiff, however, provided any consent to any of the calls at issue. Discovery will prove that any consent evidence proffered by the Defendant is a complete fabrication and was obtained as a result of fraud, thus subjecting the Defendant to sanctions as articulated in this Court's opinion and order denying the Defendant's motion to dismiss in total. Moreover, Defendant, whose position has changed and continues to change over the course of this litigation, misrepresents the facts of the calls, what occurred on them, and whether they were placed with Plaintiff's consent as an initial matter, as the TCPA requires. It is also Plaintiff's understanding that the Defendant continues to challenge the Plaintiff's standing, despite this Court's clear opinion (as well as those from the Western District of Texas and elsewhere) that Plaintiff unquestionably has standing because he receives, and continues to receive, illegal, unwanted calls in violation of the TCPA.

Defendant's Statement: Mr. Callier, a prolific TCPA plaintiff, solicited calls (or otherwise caused calls to be solicited through a confederate) to his phone number from Defendant Unified Health. Plaintiff asserts claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA"), and Tex. Bus. & Comm. Code § 302.101 ("Section 302.101"). Plaintiff's Complaint initially alleged his coworker—Carlton Tatum—participated in generating his claims against Unified Health by calling Unified Health from Mr. Callier's phone on his behalf. In his First Amended Complaint, Plaintiff changes his position and admits he "confused" Medicare sales companies and alleges he called Unified

Health. Unified Health's records, in turn, confirm that the name and information of Elston Tatum, father of Brandon Callier and Carlton Tatum, were submitted to induce Unified Health to call the at-issue number. The sole call recording from an incoming call placed by Plaintiff to Defendant confirms Plaintiff's interest in Unified Health's services for his father, Elston Tatum, further supporting Unified Health's position and confirming the submitted lead. Defendant is also aware of discrepancies between Mr. Callier's allegations in this action vis-à-vis other TCPA actions, regarding his whereabouts and physical presence.

Defendant maintains that the Court lacks subject matter jurisdiction over this action because Plaintiff has not suffered an injury-in-fact fairly traceable to Unified Health's alleged actions. Further, because there was valid consent to place any of the at-issue calls, Defendant has not violated the TCPA. Plaintiff's Section 302.101 claim is also nonviable as valid consent is present and Plaintiff lacks a private right of action to assert his claim.

IV. **Statement of Undisputed Facts**

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

Defendant admits that it placed eight of the nine calls to the number at issue as alleged in the Complaint's Table A. The parties dispute, among other things, whether the ninth call—one of the calls on September 27, 2023—was placed by Plaintiff or by Defendant. The parties also dispute (1) whether each of the calls was solicited; (2) whether any outgoing calls by Defendant were answered by Plaintiff; and (3) whether Plaintiff was injured by the alleged phone calls.

V. **Case Management Plan**

A. Standing Order on Pretrial Deadlines

The parties do not request modification of the deadlines in the Standing Order on Pretrial Deadlines.

B. Scheduling Conference with the Court

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Federal Rule of Civil Procedure 16(b). If the Court elects to schedule a conference, the parties prefer a conference by telephone.

C. Early Settlement Conference

The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Plaintiff takes the position that settlement is unlikely at this time. Defendant believes a reasonable settlement is possible at this time and is amenable to a settlement conference with the Court.

D. Joinder of Parties and Amendment of Pleadings

1. Plaintiff should be allowed until September 16, 2024 to file motions to join additional parties,. The parties dispute whether Plaintiff should be permitted to amend the pleadings at this stage, a position that the Defendant now takes in this pleading but which was in fact not discussed and consented to by counsel for the Defendants at the parties' 26(f) conference. Plaintiff seeks until September 16, 2024 to file a motion to amend the pleadings.
2. Defendant(s) should be allowed until September 30, 2024 to file motions to join additional parties and until September 30, 2024 to file a response to any amended complaint in the event one is filed.

E. Discovery

1. The parties anticipate that discovery will be needed on the following subjects: the nature and content of the calls at issue, including call logs and recordings, and discovery into the Defendant's affirmative defense of Mr. Callier's consent. Defendant intends to seek discovery on the factual issues raised by the discrepancies between Mr. Callier's initial and First Amended Complaint (including third party discovery into those individuals involved in the discrepancies), Defendant's allegations of Mr. Callier's manufacturing of TCPA litigations, and inaccuracies between Mr. Callier's various TCPA actions. Plaintiff's discovery into the issues of any purported consent may also involve the use of experts to evaluate any consent evidence presented, as well as third party discovery to ascertain the owners of any IP addresses alleged to have been involved in the submission of any purported consent.
2. All discovery, including depositions of expert witnesses pursuant to Federal Rule of Civil Procedure 26(b)(4), will be commenced by July 30, 2024 and completed (not propounded) by March 31, 2025.
3. Discovery will not be conducted in phases.
4. Discovery will be completed by March 31, 2025.
5. The parties anticipate that Plaintiff will require a total of 3-5 depositions of fact witnesses and that Defendant will require a total of 3-5 depositions of fact witnesses. The depositions will commence by July 30, 2024 and be completed by March 31, 2025.
6. The parties will not request permission to serve more than 25 interrogatories.
7. Plaintiff intends to call expert witnesses at trial. Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Federal Rule of Civil Procedure 26(a)(2) by December 31, 2024. Depositions of any such experts will be completed by January 31, 2025.
8. Defendant intends to call expert witnesses at trial. Defendant will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Federal Rule of Civil Procedure 26(a)(2) by February 28, 2025. Depositions of such experts will be completed by March 31, 2025.
9. A damages analysis will be provided by any party who has a claim or counterclaim for damages by December 15, 2024..

F.  Dispositive Motions

Dispositive Motions will be filed on or before May 30, 2025.

**VI.    Trial Readiness**

This case will be ready for trial within three months after decision on any dispositive motion (if any).

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy, and efficient determination of this action.

Dated: August 6, 2024

/s/ Andrew Roman Perrong
Andrew Roman Perrong (W.D. Tex. # 333687)
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

*Attorney for Plaintiff*

COZEN O'CONNOR, P.C.
/s/ Rachel B. Soloman
Rachel B. Soloman (admitted pro hac vice)
3 WTC
175 Greenwich Street, 55th Floor
New York, NY 10007
rsoloman@cozen.com

*Attorney for Defendant*