**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **BRANDON L CALLIER,** | § | |
| | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | **CAUSE NO. EP-23-CV-375-KC** |
| | § | |
| **UNIFIED HEALTH, LLC,** | § | |
| | § | |
|    Defendant. | § | |

## **TRIAL PREPARATION ORDER**

Compliance with this Order, which incorporates the requirements imposed by Local Rule CV-16(e) and (f) for trial memoranda in civil cases, is in lieu of and constitutes compliance with said Rule.  Each party shall comply with this Order, as applicable to it, as follows:

       **Section A:**         **June 24, 2025**

       **Section B:**         **July 1, 2025**

       **Section C:**         **July 8, 2025**

       **Pretrial Conference:**         **July 17, 2025, at 2:00 p.m.**

       **Jury Selection / Trial:**         **July 25, 2025, at 8:30 a.m.**

at which time this case shall be deemed ready for trial.

Non-compliance with the above dates by counsel can result in an automatic dismissal or default of the above-captioned case.

Each party shall state, in their Section C compliance, whether settlement, assisted by a settlement conference, is reasonably likely.

In complying with Sections A1–A6 or B1–B6, adequate space shall be left after each paragraph for the response thereto as required by Sections C1–C6.  Thus, when complying with Sections C1–C6, a plaintiff (or a defendant asserting a counterclaim) will respond in the space provided in a defendant's compliance with Sections B1–B6 and a defendant (or plaintiff responding to a counterclaim) will respond in the space provided in plaintiff's compliance with Sections A1–A6.

**SO ORDERED**.

SIGNED this 7th day of August, 2024.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

## SECTION A

Each plaintiff, and each defendant asserting a counterclaim, shall comply with Section A by setting forth, in separately numbered sub-paragraphs under each of the following paragraphs:

1. Claims of fact proposed for stipulation as undisputed.

2. Proposed findings of fact, with a specification of each witness, document, pleading, or tangible physical evidence on which such finding could be premised. Such proposed findings, with the claims of fact (see A.1 above), shall constitute the proof on which the claims of relief are premised.

3. Claims of law, with the authority on which each claim is premised and organized as they relate to each theory on which relief is sought.

4. A list of proposed exhibits (plaintiffs shall number individual exhibits through the letter "P" before exhibit numbers, defendants shall use the letter "D" before exhibit numbers), including deposition transcripts, with a listing of those pages of each transcript to be offered and on which the proposed findings of fact, if any, are premised.

5. A list of all witnesses expected to be called, with a brief summary of the testimony of each. As to each expert witness: a statement of the area of expertise, attaching a curriculum vitae, if available; and the opinion to be expressed with a brief summary of the basis for the opinion.

6. A description of each item of proposed evidence, whether testimonial or exhibit form, reciting evidence likely to be disputed or to require a ruling by the court, setting forth the basis and authority on which admissibility is premised.


Compliance with Section A shall be served upon all adverse parties and *a notice of such service ONLY shall be filed with this Court*.

## SECTION B

Each defendant, and each plaintiff responding to a defendant's counterclaim, shall comply with Section B by setting forth the material and information required in paragraphs A1–A6 above, incorporated herein by reference as paragraphs B1–B6, responding in separately numbered sub-paragraphs under each paragraph.

Compliance with Section B shall be served upon all adverse parties and *a notice of such service ONLY shall be filed with the court*.

**SECTION C**

Compliance with Section C shall include a face sheet per Appendix A.

In the space provided between each paragraph in the opposing party's Section A or Section B submission, as applicable, each party shall set forth:

1. A statement of agreement or disagreement with each claim of fact proposed for stipulation, reciting as to each disagreement whether or not the claim will be the subject of countering evidence. Such evidence shall be identified by source and described briefly. (If the source is a deposition, the deposition pages shall be included in the offer.)

2. A statement of agreement or disagreement with each proposed finding of fact, reciting as to each disagreement whether or not the finding will be the subject of countering evidence. Such evidence shall be identified by source and described briefly. (If the source is a deposition, the deposition pages shall be included in the offer.)

3. A statement of agreement or disagreement with each claim of law, reciting as to each disagreement the basis and authority on which such disagreement is premised.

4. A statement of agreement or disagreement as to the admissibility of each exhibit proposed, reciting as to each exhibit in dispute the basis and authority on which such disagreement is premised.

5. A statement of agreement or disagreement as to the qualification of each expert witness listed in each party's compliance with paragraph A5 or B5, reciting the reason for declining to agree in each such instance.

6. A statement of agreement or disagreement as to the claim of admissibility of any evidence identified in each party's compliance with paragraph A6 and/or B6 above, reciting as to each item in disagreement the basis and authority on which such disagreement is premised.
In addition, each party shall set forth:

7. The basis for federal jurisdiction.

8. A statement of the nature of each cause of action and relief sought.

9. For jury cases, a list of proposed voir dire questions to be submitted to the jury panel.

10. A written statement, in lieu of an opening statement, as an aid to the court in its introduction of the case to the jury.

11. For jury cases, attach requests for the jury charge and any requests for the form of verdict and/or jury interrogatories.

Compliance with Section C, with a face sheet per Appendix A, shall be served on all adverse parties and FILED IN ITS ENTIRETY WITH THE COURT ON THE DATE ORDERED.

COUNSEL SHALL NOTE:

1. No witness, other than those listed in the compliance with this Order, shall be permitted to testify other than for good cause shown and arising at trial in response to the case in chief, or to the case in defense, and not reasonably anticipated at the time of complying with this Order.

2. No exhibit, other than those listed in compliance with this Order, shall be admitted other than for good cause shown and arising at trial in response to the case in chief or to the case in defense, and not reasonably anticipated at the time of complying with this Order.  A copy of each documentary exhibit shall be provided to the judge when offered and for each juror if the exhibit is to be circulated to the jury or is to be the subject of extensive testimony.

3. Each party shall ensure the availability at trial of each witness listed by that party unless the court and counsel are advised to the contrary, not less than forty-eight (48) hours prior to the commencement of the evidence.

4. For good cause shown, and upon written request, the response of any party required by this Order, in whole or in part, may, on the further order of this court, be filed in camera without service on opposing counsel and under seal to be opened on order of the court.

5. No evidence will be permitted except within the claims of fact and proposed findings of fact in support of the theories on which relief is claimed, all as set forth in response to paragraphs A1, A2, A3, B1, B2, and B3 of this Order.

6. Counsel shall mark their exhibits no later than one (1) day prior to trial with labels obtained from the Clerk at the time of jury selection.  Plaintiffs shall identify their exhibits by the letter "P" before the number and defendants by the letter "D".  Where there are multiple plaintiffs or defendants, counsel shall coordinate exhibit identification to ensure that exhibit numbers are not duplicated.

7. Upon filing compliance herewith by all parties and the court's resolution of any issues raised by the compliance, the case shall be deemed ready for trial.

8. This Order shall be deemed a continuing order.

9. In the event any party fails to comply with Section C, the opposing party may file its Part A or B compliance and the party in default will be deemed to have stated its agreement with respect to C6 through C11 and to have waived its right to submissions under Section C.

**APPENDIX A**

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **BRANDON L CALLIER,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **CAUSE NO. EP-23-CV-375-KC** |
| | § | |
| **UNIFIED HEALTH, LLC,** | § | |
| | § | |
| Defendant. | § | |

**SECTION C TRIAL PREPARATION ORDER COMPLIANCE**

The names, addresses, and telephone numbers of the attorneys who will try the case.

Whether the case is a jury or court case.

A realistic estimate of trial time required for the presentation of such party's case.

Whether the parties have agreed to have a magistrate judge try the case and thereupon enter final judgment.

A list of any further proceedings prior to trial, setting forth the reasons and necessity therefor.

Whether settlement, assisted by a settlement conference, is reasonably likely.